Lavelle *v*. Massachusetts Commission Against Discrimination.

JAMES LAVELLE *vs*. MASSACHUSETTS COMMISSION AGAINST
DISCRIMINATION & others.[1]

Hampden. September 8, 1997. - December 23, 1997.

Present: WILKINS, C.J., ABRAMS, LYNCH, GREANEY, FRIED, MARSHALL, & IRELAND, JJ.

*Massachusetts Commission Against Discrimination. Administrative Law,*
Judicial review. *Practice, Civil,* Jury trial. *Common Law. Constitutional
Law,* Trial by jury, Sex discrimination, Equal protection of laws. *Jury and
Jurors. Anti-Discrimination Law,* Sex, Employee. *Employment,* Discrimina-
tion.

A respondent, named in a complaint of sex discrimination seeking more than
   equitable relief and filed with the Massachusetts Commission Against
   Discrimination, is entitled, after the commission has taken final action, to a
   jury trial in a judicial determination of the discrimination claim, pursuant
   to art. 15 of the Massachusetts Declaration of Rights and principles stated
   in *Dalis* v. *Buyer Advertising, Inc.,* 418 Mass. 220 (1994), and pursuant to
   his right to equal protection of the law. [334-339] LYNCH, J., concurring.

CIVIL ACTION commenced in the Superior Court Department on
July 8, 1996.

The case was heard by *Judd J. Carhart,* J., on a motion to
dismiss.

The Supreme Judicial Court granted an application for direct
appellate review.

*John F. Moriarty* for the plaintiff.

*Thomas O. Bean,* Assistant Attorney General, for Mas-
sachusetts Commission Against Discrimination.

The following submitted briefs for amici curiae:

*James M. Paulson, Robert P. Morris & Patricia Lim* for As-
sociated Industries of Massachusetts.

*Seymour Weinstein & Karen L. Stern* for Jewish Nursing
Home Center, Inc.

---

[1]Joan F. Hash, city of Holyoke, and Holyoke Gas & Electric Department.
Only the plaintiff and the defendant commission have filed briefs in this ap-
peal.

*Jane K. Alper, Nan Myerson Evans & Wendy A. Kaplan* for the National Employment Lawyers Association & another.

WILKINS, C.J. In *Dalis* v. *Buyer Advertising, Inc.*, 418 Mass. 220 (1994) (*Dalis*), this court held that a plaintiff alleging gender-based discrimination in a judicial proceeding was entitled, as a matter of State constitutional right, to a trial by jury. Cf. *MacCormack* v. *Boston Edison Co.*, 423 Mass. 652, 655 (1996) (claimant asserting unlawful retaliation has right to jury trial); *Whalen* v. *NYNEX Info. Resources Co.*, 419 Mass. 792, 795 (1995) (same for person asserting handicap discrimination). We concluded that art. 15 of the Massachusetts Declaration of Rights applied to the plaintiff's sex discrimination claim because that action was analogous to common law actions sounding in tort and contract. *Dalis, supra* at 223. Article 15, which is set forth in full in the margin,[2] preserves the common law trial by jury in its indispensable aspects as it was known at the time our Constitution was adopted. *Department of Revenue* v. *Jarvenpaa*, 404 Mass. 177, 185-186 (1989). Unless a dispute brought to court is one that a court would have decided in 1780 without a jury, art. 15 prescribes the right to a trial by jury as a sacred procedure for resolving the case. *Dalis, supra* at 222.

The plaintiff in this case (Lavelle) is a respondent named in a complaint of sex discrimination filed with the Massachusetts Commission Against Discrimination (commission) by Joan F. Hash (complainant).[3] Lavelle brought this action asserting, pursuant to art. 15 principles stated in our *Dalis* opinion and pursuant to his right to equal protection of the law, that he is entitled to a jury trial in a judicial determination of the complainant's discrimination claim. On motion of the commission, a judge in the Superior Court dismissed the complaint, but only on the ground that, because Lavelle had not exhausted his rights before the commission, the action was premature.[4]

We set forth the facts alleged in the complaint and, therefore, admitted by the motion to dismiss. Lavelle was a commissioner

---

[2] "In all controversies concerning property, and in all suits between two or more persons, except in cases in which it has heretofore been otherways used and practiced, the parties have a right to a trial by jury; and this method of procedure shall be held sacred, unless, in causes arising on the high seas, and such as relate to mariners' wages, the legislature shall hereafter find it necessary to alter it."

[3] Other respondents are Holyoke and its gas and electric department.

[4] The commission based its motion to dismiss solely on an assertion that Lavelle had no right to a jury trial. It was apparently willing to face the issue

of the Holyoke Gas & Electric Department (department). The complainant, a customer account clerk in the department, filed a complaint, later amended, alleging that she was subjected to unlawful sex discrimination on August 14, 1993, in violation of G. L. c. 151B, § 4. Although the complaint does not say so, it seems likely that Lavelle was the person who committed the alleged discriminatory conduct. Approximately two years later, the commission notified Lavelle, the city, and the department that it had found probable cause to conclude that unlawful discrimination had occurred. The commission scheduled a conciliation conference for May 15, 1996. Before the conference was held, Lavelle notified the commission that he wished to have a judicial determination of the discrimination complaint, that he was entitled to a jury trial, and that the right granted by G. L. c. 151B only to a complainant to obtain a jury trial denied him equal protection of the law. The commission did not respond to Lavelle. This action was commenced on July 8, 1996. The commission promptly filed a motion to dismiss which a Superior Court judge allowed because proceedings before the commission, which might produce a result favorable to Lavelle, had not been concluded. We granted Lavelle's application for direct appellate review of his appeal.

As we have said, the judge allowed the commission's motion to dismiss without prejudice on the ground that Lavelle had not shown that he had yet been aggrieved, even assuming that he had a right to a jury trial. The judge indicated that Lavelle could raise the absence of a right to a jury trial if, after completion of the commission's proceedings, he were to be aggrieved by the agency's decision. Lavelle points out that neither the proceedings before the commission nor the judicial review of a commission decision adverse to him would provide him with a jury trial. The commission does not conduct jury trials, and judicial consideration of a commission decision is limited to review of the agency record pursuant to the standards set forth in § 14 (7) of the administrative procedure act, G. L. c. 30A. See G. L. c. 151B, § 6.

If G. L. c. 151B provided that, following a commission decision adverse to him, Lavelle could obtain a jury trial on issues raised by the complainant and decided against him, we would agree that a claim of a right to a jury trial before conclusion of

---

on the allegations of the complaint because it did not raise the claim of exhaustion of administrative remedies in its motion.

the agency proceedings would be premature. If, however, Lavelle is entitled to a jury trial, it may be that, to avoid a claim of waiver, he must assert that right before the commission holds a hearing on the complaint, perhaps at the same point in the proceedings that G. L. c. 151B, § 9, permits a complainant to elect a judicial, rather than a commission, determination of the complaint. General Laws c. 151B says nothing explicitly about a respondent's right to a jury trial and implicitly indicates that a respondent has no such right. There is a controversy as to Lavelle's constitutional right to a jury trial. Lavelle is entitled to know now whether he has a constitutionally based right to a jury trial so that he may decide how to proceed in defense of his position and when to assert his right to a jury trial, if he has one. See *Rushworth* v. *Registrar of Motor Vehicles*, 413 Mass. 265, 268 n.4 (1992).

The commission urges us to refrain from deciding the constitutional question so that it might offer facts on remand that would, it claims, demonstrate that Lavelle's constitutional arguments should be rejected. These facts include the number of claims filed by unrepresented claimants, the volume of commission business, and the percentage of cases involving claims for damages below $25,000. These facts would not justify the denial to Lavelle of a constitutionally based right to a jury trial in the circumstances.

We start with the fact that a complainant has the right under G. L. c. 151B, § 9, to terminate agency proceedings and obtain a judicial determination of her claim.[5] If she asserts gender-based discrimination in a requested judicial proceeding, the Constitution of the Commonwealth grants her the right to a jury trial. *Dalis, supra.* On the other hand, a respondent has no right to elect a judicial determination of the claim, has only a right of a judicial review of agency action based on the record before the commission, and can only successfully claim a jury trial when a complainant elects a judicial determination of her claim.

[5]A complainant's right to obtain a judicial determination of her claim does not depend on whether she is seeking only equitable relief, that is, only relief that a court of equity could have traditionally granted. A complainant who seeks only equitable relief in a judicial determination of her claim would not be entitled to a jury trial.

These differences have led Lavelle to assert that the statutory scheme denies him equal protection of the law.[6]

In *New York & Mass. Motor Serv., Inc.* v. *Massachusetts Comm'n Against Discrimination*, 401 Mass. 566 (1988) (*Motor Service*), we rejected an employer's argument that certain differences in G. L. c. 151B, §§ 5 and 9, in the treatment of complainants and respondents deprived employers of a fundamental right and thus denied them the equal protection of the law guaranteed by the Fourteenth Amendment to the United States Constitution. *Id.* at 580-581. Among the differences that we held in the *Motor Service* case did not deprive an employer of equal protection with respect to a fundamental right was the right of a complainant to elect to go to court in lieu of having an agency determination, while an employer could not go to court until after final agency action. *Id.* at 579-581. The issue of a complainant's greater right to obtain a jury trial under G. L. c. 151B was not raised in the *Motor Service* case. The absence of that issue in the *Motor Service* case is understandable because this court did not identify the jury trial right of a complaining employee until six years later in its *Dalis* opinion.

We learn from the *Motor Service* case that there is no denial of equal protection of the law simply because a complainant has the right to seek a judicial determination of her claim, bypassing the agency, and a respondent has no parallel right. If the complainant is seeking only equitable relief against Lavelle before the commission, she is advancing claims that would entitle neither Lavelle nor her to a trial by jury.[7] See *Demoulas* v. *Demoulas Super Mkts., Inc.*, 424 Mass. 501, 526 (1997), and cases cited. We do not know on this record, however, whether the complainant is seeking relief beyond injunctive and other traditionally equitable relief.

---

[6]Lavelle, for no apparent reason, rests his argument only on the Fourteenth Amendment to the Constitution of the United States. He makes a passing reference to art. 11 of the Massachusetts Declaration of Rights but does not argue that the differences in treatment additionally and separately violate equal protection rights set out in the Constitution of the Commonwealth. We have recognized equal protection of law principles in arts. 1, 6, 7, and 10 of the Massachusetts Declaration of Rights. See *Brest* v. *Commissioner of Ins.*, 270 Mass. 7, 14 (1930). Article 11 may also be involved. See *King* v. *Grace*, 293 Mass. 244, 246-247 (1936).

[7]The *Dalis* v. *Buyer Advertising, Inc.*, 418 Mass. 220 (1994), opinion assumed that the plaintiff was seeking damages that exceeded those traditionally available from a court of equity.

Although G. L. c. 151B, § 5, recites that the relief that the commission may grant is traditionally equitable in nature, the commission has authority to grant relief that goes beyond traditional areas of equity. The commission may award damages for emotional distress. See *Labonte* v. *Hutchins & Wheeler*, 424 Mass. 813, 824 (1997); *Bournewood Hosp., Inc.* v. *Massachusetts Comm'n Against Discrimination*, 371 Mass. 303, 316-317 (1976); *Buckley Nursing Home, Inc.* v. *Massachusetts Comm'n Against Discrimination*, 20 Mass. App. Ct. 172, 182 (1985). In appropriate circumstances, the commission may also award front pay, compensatory damages for loss of future earning capacity. See *Conway* v. *Electro Switch Corp.*, 402 Mass. 385, 387-388 (1988). Damages for pain and suffering, emotional distress, and economic loss except perhaps back wages are not traditional forms of equitable relief and may not easily be treated as incidental to equitable relief. The question for us is whether, if the complainant is seeking more than equitable relief against Lavelle and she elects, as she has, not to seek a judicial determination of her claim, the fact that Lavelle does not have a statutory right to claim a jury trial at some stage in the proceedings denies him a constitutional right to a jury trial.

The reasoning of this court in its *Dalis* opinion identifying the constitutional right of a complainant to have a trial by jury applies equally to a respondent such as Lavelle. If one side to a dispute has a constitutional right to a jury trial, generally the other side must have a similar right.[8] We are dealing here with a fundamental right (art. 15 says the right is sacred), and differing treatment of complainants and respondents in respect to the availability of that fundamental right, unlike the differences in the *Motor Service* case, cannot be justified.

For this court to declare that Lavelle is entitled to a jury trial and to say no more would be unhelpful to the parties, to the commission, and to other persons with similar matters before the commission. We should deal with the consequences of our decision. Surely, it would be contrary to the purpose of the statute for us to declare the complainant's claim unenforceable because the statutory scheme does not grant Lavelle a right to seek a trial by jury. See G. L. c. 151B, § 10 (If the application of G. L. c. 151B "to any person or circumstance, shall, for any

[8]A governmental respondent's right to a jury trial, if any, has implicitly been waived in G. L. c. 151B, at least where a complainant does not elect a judicial determination of her claim.

reason, be held invalid," the application of such provision to others shall not be affected thereby).

Lavelle must be given the right, in circumstances that we shall describe, to claim a jury trial. We must fashion a remedy that will be available to Lavelle, and to similarly situated respondents, until the Legislature, if it elects to do so, provides another solution.

We could direct that Lavelle has the same right that a complainant has under G. L. c. 151B, § 9, to elect a judicial determination, with a right to a jury trial. However, to do so would disregard the Legislature's decision that a complainant, but not a respondent, may take a gender-based discrimination claim to court before the commission has acted on it. We are not compelled to adopt such a procedure because, as we have noted, differences in the treatment of complainants and respondents are permissible provided fundamental rights are not jeopardized. See *New York & Mass. Motor Serv., Inc.* v. *Massachusetts Comm'n Against Discrimination*, *supra* at 580.

A right in a respondent to obtain a jury trial only after the commission has taken final action is the best available option. In this way the commission will be involved in the matter as fully as possible and as the Legislature directed. Many disputes will be settled by the commission and will not need to be adjudicated. Persons representing themselves will not be forced into unfamiliar court surroundings but will be heard instead in less intimidating agency proceedings. Courts, in turn, will not be unnecessarily inundated with gender-based discrimination lawsuits demanded by respondents, perhaps in some instances for tactical reasons. Also, the commission may decide in favor of the respondent on the merits, thereby ending the matter. G. L. c. 151B, § 9, first par. Moreover, although the commission may decide in favor of the complainant, it might only grant traditional equitable relief. In such a case, a respondent would have no right to a jury trial. Additionally, an unsuccessful respondent may conclude that an appeal based on the agency record (G. L. c. 151B, § 6) provides an adequate avenue of relief from the agency decision. We adopt this solution recognizing that it gives certain respondents two chances to prevail, before the commission and then in court, while a complainant unsuccessful before the commission may not proceed to court for a new hearing (G. L. c. 151B, § 9, first par.), but may seek judicial review only on the agency record (G. L. c. 151B, § 6).

We also recognize that there will be practical problems in extending a jury trial right to a respondent, including the preparation of a complaint to be filed in court by or on behalf of a complainant. Other questions may arise concerning the process we have described, but we decline to anticipate and answer them now.

Any other solution must be left to the Legislature. If the statutory pattern granted neither party the right to elect a judicial determination of a gender-based employment discrimination case, no equal protection issue would be presented. An art. 15 issue concerning the absence of a jury trial right would remain. There is authority that would support the disposition of this kind of statutory discrimination claim in an administrative agency, with judicial review based only on the agency record. See *Department of Revenue* v. *Jarvenpaa*, 404 Mass. 177, 188 (1989); *Opinion of the Justices*, 309 Mass. 571, 601-602 (1941); *Opinion of the Justices*, 309 Mass. 562, 568 (1941). Cf. *Doherty* v. *Retirement Bd. of Medford*, 425 Mass. 130, 137 (1997); *Pernell* v. *Southall Realty*, 416 U.S. 363, 383 (1974) (Seventh Amendment to the United States Constitution); *Kentucky Comm'n on Human Rights* v. *Fraser*, 625 S.W.2d 852, 854 (Ky. 1981) (same); *Plasti-Line, Inc.* v. *Tennessee Human Rights Comm'n*, 746 S.W.2d 691, 693-694 (Tenn. 1988) (same under State Constitution); *Romero* v. *J & J Tire, JMH, Inc.*, 238 Mont. 146, 151 (1989) (no jury trial right in discrimination case heard by administrative agency; Seventh Amendment and State Constitution).[9] It is, however, not within our authority to order such a result in the face of a legislative mandate that a complainant must have the right to elect a judicial determination of her gender-based discrimination claim.

The order allowing the commission's motion to dismiss is vacated. The case is remanded to the Superior Court for further proceedings consistent with this opinion. A declaration shall be entered that James Lavelle will be entitled to a trial by jury on any of the complainant's claims that, after final agency action,

---

[9]In expressing this opinion, we need not embrace the "public rights" doctrine that the United States Supreme Court has advanced to justify the denial of a Seventh Amendment right to a trial by jury in matters assigned for resolution to an administrative agency. See *Granfinanciera, S.A.* v. *Nordberg*, 492 U.S. 33, 51-53 (1989); *Atlas Roofing Co.* v. *Occupational Safety & Health Review Comm'n*, 430 U.S. 442, 455 (1977). See 1 K.C. Davis & R.J. Pierce, Jr., Administrative Law § 2.8, at 100-101 (3d ed. 1994).

has resulted in the granting of relief that departs from or exceeds the relief that a court of equity could traditionally have granted.

*So ordered.*

LYNCH, J. (concurring). I depart from the court's suggestion that, if G. L. c. 151B were amended to deprive both complainants and respondents of their jury trial rights, art. 15 would not be offended. I do not read the Commonwealth precedents as supportive of the court's position. The deprivation of art. 15 rights for both parties in those cases was predicated, at least in part, on the fact that the causes of action at issue were not analogous to those traditionally treated as actions at law. *Dalis* v. *Buyer Advertising, Inc.*, 418 Mass. 220, 226 (1994). Rather, they were equitable in nature and thus, exempt from art. 15 requirements.[1] See *Department of Revenue* v. *Jarvenpaa*, 404 Mass. 177, 188 (1989); *Opinion of the Justices,* 309 Mass. 571, 601-602 (1941); *Opinion of the Justices*, 309 Mass. 562, 568 (1941). While the Supreme Court of the United States has opined that "the Seventh Amendment is generally inapplicable in administrative proceedings, where jury trials would be incompatible with the whole concept of administrative adjudication," *Pernell* v. *Southall Realty*, 416 U.S. 363, 383 (1974), that view ought not control our interpretation of art. 15. Instead, we should scrupulously honor our Constitution's admonition that our traditional right to trial by jury is sacred.

---

[1] We have also concluded that the right to a jury trial under art. 15 was not affected by the workers' compensation statutes. It should also be noted that coverage under the workers' compensation system is voluntary. See *Opinion of the Justices*, 309 Mass. 571, 602 (1941); *Opinion of the Justices*, 309 Mass. 562, 569 (1941); *Young* v. *Duncan*, 218 Mass. 346, 349 (1914).