Lauriat, J.
Plaintiff Westinghouse Electric Supply Corporation (“Westinghouse”) has moved to amend its complaint in this action, pursuant to Mass.R.Civ.P. 15(a), to add a jury trial claim. The defendants, Massachusetts Commission Against Discrimination (“MCAD”) and Mark Chanson (“Chanson”), oppose Westinghouse’s motion. For the following reasons, Westinghouse’s motion to amend its complaint is denied.
BACKGROUND
The facts relevant to this motion may be briefly stated. On March 29, 1990, Chanson filed a discrimination complaint with the MCAD, charging Westinghouse with discrimination based on his disability. The investigating commissioner for the MCAD found probable cause to credit the allegations in Chanson’s complaint. On December 15, 1994, the MCAD held a public hearing. The hearing officer thereafter issued an 18-page decision favoring Chanson. The hearing officer awarded Chanson back pay, emotional distress damages, and costs. The full commission of the MCAD subsequently approved the hearing officer’s decision and awarded Chanson his attorneys fees.
On August 7, 1997, Westinghouse filed a complaint with the Superior Court seeking judicial review of the MCAD’s decision pursuant to G.L.c. 151B, §6 and G.L.c. 30A, §14. On March 5, 1998, Westinghouse moved to amend its complaint to add a count for a de novo jury trial in Superior Court.
DISCUSSION
Mass.R.Civ.P. 15(a) provides that “[ljeave shall be freely given to amend pleadings.” See Castellucci v. United States Fid. & Guar. Co., 372 Mass. 288, 289 (1977). “[A] trial judge should be generally disposed to motions to amend pleadings.” DiVenuti v. Reardon, 37 Mass.App.Ct. 73, 77 (1994). Nevertheless, a motion to amend may be denied for good reason. See Foman v. Davis, 371 U.S. 178, 182 (1962). If “one or more of the nonmoving parties would be caught off balance by the proffered amendment,” the trial judge may deny the motion. DiVenuti, 37 Mass.App.Ct. at 77.
Westinghouse’s present motion is based on the recent decision of the Supreme Judicial Court in Lavelle v. Massachusetts Commission Against Discrimination, 426 Mass. 332 (1997). There, the Court held that where a plaintiff in an employment discrimination case is provided the right to a trial by jury, the defendant must be afforded the same right. Lavelle, 426 Mass. at 337-38. The Court reasoned that the denial of a jury trial to a defendant in an employment discrimination case violated the Equal Protection Clause of the United States Constitution. Id. According to the Court, if a plaintiff could elect a jury trial in Superior Court, the defendant must be given the same right. Id.
The Lavelle rationale is premised on the Equal Protection Clause. However, in the present case, the *325 complainant himself (Chanson) never had a right to a jury trial. A plaintiff in an employment discrimination case was held to be entitled to a jury trial for the first time in Dalis v. Buyer Advertising, Inc., 418 Mass. 220, 226 (1994). Chanson filed his complaint with the MCAD on March 28, 1990. He was never afforded the opportunity to have his case heard by a Superior Court jury. Accordingly, to deny Westinghouse a jury trial in the circumstances of the present case would not violate the Equal Protection Clause.
In addition, the Lavelle decision presents an entirely new rule of law, in contravention to the pre-existing statutory scheme of G.L.c. 151B. A new rule of law may be applied retroactively only in certain circumstances. See McIntyre v. Associates Financial Services Co. of Mass., Inc., 367 Mass. 708, 712 (1975) (retroactivity of a new rule of law to be determined by considering: (1) if new rule of law clearly foreshadowed: (2) if retroactivity will further the new rule; or (3) if retroactivity will produce inequitable results). Here, the court concludes that Chanson could not have anticipated such a dramatic change in the law. See McIntyre, 367 Mass. at 712. To now permit Westinghouse to add a jury trial claim to its complaint would work undue prejudice upon Chanson. Accordingly, this court will not apply Lavelle retroactively to the present case.
Even if Westinghouse’s motion to amend its complaint was otherwise appropriate, Westinghouse failed to preserve its jury trial right in this case. In order to assert its right under Lavelle, Westinghouse should have asserted its jury trial claim at the MCAD. See Dean v. City of Springfield, 38 Mass.App.Ct. 910, 911 (1995) (plaintiff in gender discrimination suit against employer avoided waiver of jury trial right by claiming it in proceeding below, although not permitted by then-applicable law). Westinghouse’s contention that the court must now allow it to now claim a jury trial, despite its failure to assert a juiy trial claim at the MCAD, must fail.
Westinghouse contends that its right to a jury trial is a “sacred” constitutional right to which it is entitled under Lavelle. However, claims of constitutional rights, whether permitted or not, must be preserved in order to assert them on appeal. See, e.g., Lavelle, 426 Mass. at 335. Therefore, this argument is without merit.
In sum, this court concludes that there are “good reasons” to reject Westinghouse’s motion to amend its complaint. Castellucci, 372 Mass. at 289. Since allowance of such a motion lies firmly in the trial court’s discretion, in the circumstances of this case, Westinghouse’s motion must be denied. See Christopher v. Duffy, 28 Mass.App.Ct. 780, 786 (1990).
ORDER
For the forgoing reasons, the Plaintiffs Motion For Leave To File Amended Complaint is DENIED.