**P. & J.V. OF KINGSTON, INC. and Pasquale Viscariello, Plaintiffs,**

v.

**MASSACHUSETTS COMMISSION AGAINST DISCRIMINATION, Amanda Arabie, and Lynda Michaelson, Defendants.**

Civil Action Nos. 98–10440–JLT, 98–10441–JLT.

United States District Court, D. Massachusetts.

Aug. 18, 1998.

---

Ralph J. Gillis, Gillis & Campbell, Hingham, MA, for P. & J.V. of Kingston, Inc. and Pasquale Viscariello.

Peter T. Wechsler, Attorney General's Office, Boston, MA, George E. Clancy, Fuller, Rosenberg, Palmer & Beliveau, Worcester, MA, John E. Bowman, Jr., Government Bureau, Office of Attorney General, Boston, MA, for Massachusetts Com'n Against Discrimination and Lynda Michaelson.

*Memorandum*

TAURO, Chief Judge.

## I.

### *Background*

The plaintiff P. & J.V. of Kingston, Inc. ("Kingston, Inc.") operates a restaurant in Massachusetts under the name "Mama Mia's" (the "Restaurant"). The plaintiff Viscariello is the President of Kingston, Inc. and an employee of the Restaurant. The defendants Arabie and Michaelson were formerly employed by the Restaurant as part-time waitresses.

This is a consolidated action arising from two distinct cases filed in federal court.[1] Each of these cases corresponds with charges of sex discrimination and sexual harassment filed separately by the defendants Arabie and Michaelson, with the Massachusetts Commission Against Discrimination (the "MCAD") against the plaintiffs. In the underlying charges, the defendants Arabie and Michaelson complain of sex discrimination based on offensive language spoken, and physical conduct engaged in, by the plaintiff Viscariello. The MCAD issued a finding of probable cause in both cases on January 21, 1998 and conducted a conciliation conference without success on March 6, 1998. On April 7, 1998, both Arabie and Michaelson elected to remove their complaints from the MCAD to superior court.[2]

---

1. The plaintiffs have filed identical actions in Plymouth County Superior Court. On May 14, 1998, the court in these cases denied Plaintiffs' Motion for Preliminary Injunction to stay the two MCAD proceedings against Kingston on the ground that the defendants Arabie and Michaelson elected to file their complaints in superior court, thereby mooting the plaintiff's motion.

2. Attached to the defendants' filings are two separate letters from the MCAD, both dated April 28, 1998, assenting to Arabie's and Michaelson's requests to remove their respective complaints to superior court and dismissing their complaints "without prejudice as to the merits." The letters also state that "the Complainant is barred from bringing the same matter before this Commission."

The defendants argue that these requests and the MCAD's responses rendered moot some, if not all, of the plaintiffs' claims since the plaintiffs will now receive the relief sought a jury trial in superior court. *See Marchand v. Director, U.S.*

Probation Office, 421 F.2d 331, 332 (1st Cir. 1970). The plaintiffs counter that the MCAD charges have not yet been properly dismissed because the defendants have admittedly not yet filed complaints in superior court.

Although § 9 of Massachusetts General Laws Chapter 151B states that any person claiming to be aggrieved may, 90 days after filing a complaint with the MCAD, or sooner if the commissioner assents in writing, bring a civil action in probate or superior court, the statute further provides that the petitioner "shall notify the commission of the filing of the action, and any complaint before the commission shall then be dismissed without prejudice ...." M.G.L. c. 151B, § 9. Apparently, the plaintiffs are arguing that, because Arabie and Michaelson have, allegedly, not yet filed in superior court, the MCAD's purported dismissals are statutorily defective. Although this may be technically true, such dismissals would certainly be immediately effective if, in fact, Arabie and Michaelson notify the MCAD that they have filed complaints in superi-

## II.

### ANALYSIS

#### 1. Standard of Review

Summary judgment is warranted when there is no dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). To avoid summary judgment, the nonmovant must demonstrate a genuine dispute "over facts that might affect the outcome of the suit under governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The movant, however, is not required to make an affirmative showing that there are no material facts in issue. Instead, the movant must show only an "absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Furthermore, "[o]n issues where the nonmovant bears the ultimate burden of proof, he must present definite, competent evidence to rebut the motion." *Mesnick v. General Elec. Co.*, 950 F.2d 816, 822 (1st Cir.1991).[3]

#### 2. Cross–Motions for Summary Judgment

This consolidated case is ripe for summary judgment because only a distilled issue of law remains.[4] The plaintiffs' basic legal argument is that Article 15 of the Massachusetts Constitution, which confers upon a litigant the right to a jury trial, should be read to guarantee defendants in sex discrimination cases filed with the MCAD the right to remove such claims immediately to Superior Court for a trial by jury.

The Supreme Judicial Court recently ruled on just this issue. In *New York and Mass. Motor Serv., Inc. v. M.C.A.D.*, 401 Mass. 566, 517 N.E.2d 1270 (1988), the Supreme Judicial Court held that respondents to discrimination charges filed with the MCAD are *not* deprived of equal protection of their a fundamental right to a trial merely because complainants may elect a jury trial in lieu of agency determination, whereas respondents may only seek judicial review of any such determination. *Id.* at 579, 517 N.E.2d at 1278 (stating that, because all the orders of the MCAD are subject to judicial review, "the employer is not faced with a denial of access to the judicial system, but rather a postponement of judicial adjudication at the complainant's option until after the commission has issued a preliminary determination and ordered a remedy"). The court explained that "[a]ny effect on the rights and privileges of employers as a class is limited to the differences between initial adjudication of a discrimination claim, and a claim that reaches the court after an administrative hearing and determination." *Id.* at 580, 517 N.E.2d at 1278. In finding that these differences did not run afoul of a respondent employer's interest in equal protection of its fundamental rights, the court concluded that the statutory scheme embodied in M.G.L. c. 151B does not violate the Fourteenth Amendment to the United States. *Id.* at 580–81, 517 N.E.2d at 1279.

The plaintiffs acknowledge this state court precedent, but nonetheless argue that Article 15 of the Massachusetts Constitution, as incorporated by the Fourteenth Amendment of the United States Constitution, requires that respondents in a proceeding at the MCAD be

or court. Because resolution of the pending motions are not dependant upon clarification of this question, the court declines to rule on it.

3. Although the plaintiffs filed separate motions for a Speedy Hearing on Complaint for Preliminary Injunction, Declaratory Judgment and Injunctive Relief, and for Summary Judgment, only one memorandum was filed. The caption on that memorandum reads "Motion for Summary Judgment on Complaint and Preliminary Injunction, Declaratory Judgement and Injunctive Relief." The plaintiffs fail, however, to discuss the preliminary injunction, and so, this court will treat the motion as one seeking summary judg-

ment, which requests declaratory and permanent injunctive relief.

4. The defendant MCAD filed what is, nominally, a motion to dismiss but, because they have presented evidence outside the pleadings, this court will treat the motion as one for summary judgment under Rule 56. *See* F.R.C.P. Rule 12(b). In this vein, it is important to note that the plaintiffs have had a full opportunity to present all pertinent materials. Specifically, the defendants Arabie and Michaelson filed separate summary judgment motions to which the plaintiffs responded by filing opposition briefs with attached exhibits.

afforded the opportunity to remove such charges to the superior court for trial by jury.

The Supreme Judicial Court has, however, also addressed this issue and has rejected the plaintiffs' argument. *See Lavelle v. M.C.A.D.*, 426 Mass. 332, 688 N.E.2d 1331 (1997) (holding that a respondent's Article 15 right to a jury trial is satisfied by a respondent's ability to obtain such a trial after the MCAD has made a final determination). In the *Lavelle* case, the Supreme Judicial Court, analyzed a claim brought by a respondent in a sex discrimination case filed with the MCAD. The plaintiff in *Lavelle* argued that Article 15 of the Massachusetts Constitution, as incorporated by the Fourteenth Amendment of the United States Constitution, guaranteed him the right to a jury trial with respect to an employee's discrimination claim. *Id.* at 333, 688 N.E.2d at 1333.

The Supreme Judicial Court held that the respondent did have a constitutional right to a jury trial. *Id.* at 337, 688 N.E.2d at 1335. In making this determination, the court noted that "Lavelle must be given the right, in circumstances that we shall describe, to claim a jury trial. We must fashion a remedy that will be available to Lavelle, and to similarly situated respondents, until the legislature, if it elects to do so, provides another solution." *Id.* at 337, 688 N.E.2d 1331. Significantly, the court concluded that the right of a respondent to "obtain a jury trial *only after* the commission has taken final action is the best available option." *Id.* at 338, 688 N.E.2d at 1336 (emphasis added). The court further noted that, by adopting this solution, certain respondents would have two chances to prevail—before the MCAD and then in court, whereas a complainant who is unsuccessful in front of the MCAD may only seek judicial review on the record. *Id.* In striking this balance, the Supreme Judicial Court carefully weighed the rights of the litigants and the legislature's interest in its regulatory scheme.

This court declines to strike a different balance. Although this court recognizes that it is not bound by a Supreme Judicial Court decision on a question of federal law, it hereby adopts that court's well-reasoned approach, as set forth in *Lavelle.* In accord, the plaintiffs' motion for summary judgment is DENIED and the defendants' motions for summary judgment are ALLOWED.