Lauriat, J.
Wilfert Brothers Realty Company (“Wilfert”) brought this action seeking judicial review of a decision rendered by the Commonwealth of Massachusetts Commission Against Discrimination (“the Commission”) in favor of the defendant David Keeling (“Keeling”). The Commission and Keeling have each now moved to dismiss the Complaint pursuant to Mass.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction, and Mass.R.Civ.P. 12(b)(6) for failure to state a claim.
The issues presented by these motions include whether or not receipt of final agency action is to be determined based upon the attorney’s receipt of the decision or the client’s receipt of the decision; when receipt occurred in this case; and whether or not the plaintiff in this action, Wilfert, timely filed a demand for jury trial. For the following reasons, the defendants’ motions to dismiss are denied.
BACKGROUND
Keeling filed a complaint with the Commission on January 20, 1993, alleging that Wilfert discriminated against him in violation of G.L.c. 151B, §4, ¶¶4 and 16. Keeling alleged that his employer, Wilfert terminated his employment based on his disability, a knee injury that occurred while Keeling was at work, and retaliation. Upon the failure of the parties’ conciliation efforts, a public hearing on the Complaint was held on July 3, 1998. The decision of the Hearing Commissioner was issued on July 14, 2000, over two years thereafter. Hearing Commissioner Schwarz found that *389 Keeling’s complaint was meritorious, concluding that Wilfert had discriminated against him on the basis of his complaints of disability discrimination and retaliation. Hearing Commissioner Schwarz ordered Wilfert to pay monetary damages for lost wages and emotional distress in the amount of $1,450 and $35,000 respectively. Each amount was to also include twelve percent interest from the date Keeling filed the charges of discrimination and retaliation. Hearing Commissioner Schwarz further ordered Wilfert to cease and desist from discriminating on the basis of handicap in the workplace and to submit a plan for conducting nondiscrimination training for its employees.
On September 12, 2000, Wilfert filed a petition for full Commission review of Hearing Commissioner Schwarz’s decision. The Commission affirmed Commissioner Schwarz’s decision on May 22, 2002. The Commission further awarded Keeling $28,844.75 in attorneys fees and $480.32 in costs.
Wilfert filed this Complaint with the Superior Court on June 25, 2002 and now seeks judicial review of the Commission’s decision or, in the alternative, a juiy trial. The parties dispute the timeliness of Wilfert’s filing of this Complaint. The Commission’s records indicate that the Commission’s decision was sent via certified mail on May 23,2002 to the attorneys for each party as well as the party themselves. The certified mail receipts were returned from the post office to the Commission on May 28, 2002. The parties dispute when the attorney for Wilfert received the Commission’s decision.
DISCUSSION
I.
The first issue the court will address is upon whom service of final agency action is to be made. A copy of the decision of the full Commission shcdlbe mailed via certified mail, return receipt requested upon each party, their attorney of record, and the Attorney General. S.ee 804 Code Mass. Regs. §1.08(1), 1.21(18) (1999). The court recognizes that Wilfert must be sent a copy of the decision by the Commission; however where Wilfert is represented by counsel, service must be made upon Wilfert’s counsel to be effective. Attorney Cullen has represented Wilfert since the inception of this case in 1993, a fact about which the Commission is well aware since he has interacted with the Commission in this case on numerous occasions in the past nine years.
Given that counsel for a party has the responsibility to ensure that time limits are met, it would appear to be imperative that counsel be served with the Commission’s decision. Since this appears to be a matter of first impression, the court will look by analogy to the Massachusetts Rules of Civil Procedure. Rule 5(b) of the Massachusetts Rules of Civil Procedures provides that
Whenever under these rules service is required or permitted to be made upon a party represented by an attorney the service shall be made upon the attorney unless service upon the party himself is ordered by the court.
The Commission’s regulations require service to be made upon both the parly and his attorney. However, it is most important that the attorney receives the service himself, as he is acting on his client’s behalf. Because counsel has this responsibility, the court concludes that the thirty-day time limit within which judicial review must be sought starts when counsel has received notice of the Commission’s decision, not the party itself. It is unfair to expect a party to read and interpret, and thereafter act upon and within the Commission’s regulations and time limitations when the party has retained counsel for that veiy purpose.
II.
There are two means by which an aggrieved party may seek review of a final action of the Commission. A party may obtain judicial review of the Commission’s final decision in the superior court within thirty days after receipt of notice of that decision in accordance with G.L.c. 30A, §14(7). For the purposes of the Commission, final agency action is defined under G.L.c. 15 IB , §6 as the decision of the full Commission on appeal from the Hearing Commissioner’s decision. See 804 Code Mass. Regs. §1.25(1) (1999). An aggrieved party may also seek relief by commencing an action for a Superior Court jury trial determination of the discrimination claim. This avenue of review is available after all administrative remedies have been exhausted. See Lavelle v. Massachusetts Commission Against Discrimination, 426 Mass. 332 (1997).
In the present case, the Commission issued its final decision to Wilfert and its counsel, via certified mail, on May 23, 2002. Wilfert filed its appeal from that decision with the court on June 25, 2002. The Commission now seeks, nine years after this matter was commenced before it, to dismiss Wilfert’s request of judicial review because the Commission asserts that Wilfert’s appeal was untimely filed.
Attorney Cullen concedes that he received the Commission’s decision via certified mail, the issue is whether he received the decision on Friday, May 24, 2002, as the Commission asserts, or on Tuesday, May 28, 2002, as Attorney Cullen contends.
The Court finds there is some doubt as to the means and manner by which Attorney Cullen received service of the Commission’s decision. The Commission states it received the certified mail card indicating that the decision sent to Attorney Cullen was signed for and received on May 24, 2002. Attorney Cullen’s affidavit states that he and his secretary were not in the office on May 24, 2002. He states further that when he is not in the office, his office is closed, as he is a sole practitioner. Attorney Cullen also indicates that when *390 he and his secretary are not available, a first-floor receptionist for the bank in which his office is located, but who does not work for Attorney Cullen, may or may not sign for packages or certified mail. Attorney Cullen does not recognize the signature of the individual who signed the certified mail receipt on his behalf on May 24, 2002. There is thus a question as to whether the person who signed for the Commission’s decision did so with Attorney Cullen’s authorization.
The parties do not dispute that Attorney Cullen received the Commission’s decision on May 28, 2002, when he returned to his office in the bank building after the three-day holiday weekend. Under these circumstances, the court concludes that May 28, 2002 is the appropriate start date for the running of the thirty-day period in which to appeal the Commission’s decision to the Superior Court.
There is also an issue of fundamental fairness where, as here, the court has been asked to dismiss an otherwise properly filed appeal from a Commission decision that may have been filed one day late in circumstances where the Commission took nine years to resolve the action at the administrative level. In the interest of justice, and in the absence of any showing of harm or bias or prejudice to the defendants, the court concludes that judicial time and resources are better spent resolving the parties’ dispute on its merits rather than conducting an evidentiary hearing or trial to determine whether the Commission and Keeling have shown, by a preponderance of the evidence, that the unidentified individual who signed for the receipt of the Commission’s decision on May 24, 2002, was an agent of Attorney Cullen who was authorized to do so.
III.
Finally, the court must consider the issue of whether Wilfert timely filed a request for a jury trial in this case. The defendants appear to concede Wilfert’s right to file a claim for a jury trial; they here contest only the timing of its making that claim.[1]
Both the applicable statutes and the relevant case law are silent on the issue of when a jury trial must be claimed. See G.L.c. 151B; Lavelle v. Massachusetts Commission Against Discrimination, 426 Mass. 332 at 339 (1997). The defendants contend that a jury trial claim should be subject to the same thirty-day time limitation that has been set by law for filing the underlying appeal. Wilfert submits that “a reasonable time period after the issuance of the decision should govern.” The Massachusetts Rules of Civil Procedure, which would appear to govern this action once it has been filed, provide that any parly may serve a jury trial claim on the other party “at any time after the commencement of the action and not later than ten days after the service of the last pleading directed to such issue.” Rule 38(b).
However, since Wilfert filed its jury trial claim in this case at the same time that it applied for judicial review of the Commission’s decision by the Superior Court, and since the court has concluded that Wilfert’s appeal was timely filed, the court also concludes, without deciding the issue of when a jury claim must be filed, that Wilfert’s claim for a jury trial was timely filed in this case.
ORDER
For the foregoing reasons, the Defendant Commonwealth of Massachusetts’ Motion to Dismiss for Lack of Jurisdiction Over The Subject Matter And Failure To State A Claim On Which Relief May Be Granted, and Defendant David Keeling’s Motion To Dismiss are DENIED.

The Court does not now decide if there is a right to a jury trial in this case.