Rup, J.
Background
On January 6, 1994, Janine McGahan (“McG-ahan”) , filed a complaint with the Massachusetts Commission Against Discrimination (“MCAD”) against her former employer, Kimball, Bennett, Brooslin & Pava (“Kimball Bennett”) alleging workplace discrimination under G.L.c. 151B, §5. McGahan, who suffers from asthma, claimed constructive discharge because of cigarette smoking in the office by Kimball Bennett principals. McGahan prevailed at her initial hearing before the MCAD and the full Commission affirmed her award on December 14, 2000.
Kimball Bennett brought the instant suit on January 11, 2001. Naming McGahan and MCAD as defendants, Kimball Bennett sought, in Count I of its complaint, to set aside the MCAD decision and have the same claim decided by a jury.[2] In seeking a jury trial, Kimball relied on Lavelle v. Massachusetts Commission Against Dis crimination, 426 Mass. 332 (1997), in which the Supreme Judicial Court (“SJC”) extended to respondents the right to ajury trial in G.L.c. 151B, §5 actions after the MCAD took final action on complaints before it. Id. at 338.
After trial, during May 2002, the jury found for Kimball. McGahan timely filed a motion for judgment notwithstanding the verdict and, alternatively, for a new trial. Mass.R.Civ.P. 50(b), 59. The MCAD later joined McGahan’s motion, with no objection from Kimball Bennett. Following denial of the motions, MCAD and McGahan filed timely appeals in July 2003. The Appeals Court has not yet docketed the case.[3]
In the interim, the SJC expressly overruled its holding in Lavelle that respondents have a right to trial by jury. In Stonehill College v. Massachusetts Commission Against Discrimination, 441 Mass. 549 (2004), the SJC concluded:
. . . Lavelle must be overruled in part. Accordingly, as of the date of this opinion, respondents who have been determined by the commission in §5 proceedings to have committed discriminatory acts in employment in violation of G.L.c. 15 IB are entitled to administrative review, under G.L.c. 30A, of that decision only.
Stonehill 441 Mass, at 552. The Court also stated: “it is appropriate that retroactive effect of our decision today be given to all cases . . . still open on direct review." Id. at 569 (emphasis added).
In the wake of the Stonehill decision, both defendants moved for reconsideration of their previously denied motion for judgment notwithstanding the verdict or, in the alternative, relief from the operation of judgment under Mass.R.Civ.P. 60(b)(6). The pivotal issue is whether retroactive application of the Stonehill decision is appropriate for this case.
Discussion
“On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons ... (6) any other reason justifying relief from the operation of the judgment.” Mass.R.Civ.P. 60(b)(6). Relief from judgment under Mass.R.Civ.P. 60(b) supplanted the common-law writ of audita querela, previously available under G.L.c. 249, §§1-3, and G.L.c. 214, §1, which provided the type of substantive relief sought in this case.[4] The compelling or extraordinary circumstances required for relief under Mass.R.Civ.P. 60(b) are satisfied by the combination of clear retroactive language and resolve. See Pielech v. Massasoit Greyhound, Inc., 47 Mass.App.Ct. 322, 326-27 (1999); Winthrop Corp. v. Lowenthal, 29 Mass.App.Ct. 180, 188-89 (1990); Bromfield v. Commonwealth, 400 Mass. 254, 257 (1987).
The SJC explicitly required retroactive application of its Stonehill decision to all cases “still open on direct review.” Stonehill, 441 Mass, at 569. Such cases are among the “live claims” to which a new constitutional rule or change must be applied. Wynn & Wynn, P.C. v. Massachusetts Commission Against Discrimination, 431 Mass. 655, 662-63 (2000), relying on MacCormack v. Boston Edison Co., 424 Mass. 652, 656-58 (1996), adopting the United States Supreme Court’s holding in Harper v. Virginia Dep’t of Taxation, 509 U.S. 86, 97 (1993). “When the decision involves a matter of constitutional right, as it does here, considerations of constitutional principle with rare exceptions require retroactive application.” MacCormack, 423 Mass. at 657 (emphasis added). See Stonehill at 562 (noting the application of a constitutional analysis as prompting the SJC’s conclusion); and at 569 (noting the constitutional dimension of its decision as a factor in choosing to require retroactive application). This practice eradicates “selective temporal barriers” to civil claims by giving retroactive effect to “all litigants with live claims, i.e., those litigants with cases still open on direct review.” Wynn & Wynn, 431 Mass. at 662-63 (emphasis added).
Of course, the procedural posture of this case cannot fairly be described as “open on direct review.” Its pending appellate review, however, marks this action as a “live claim” and subjects it to the general retroactive application principles of the MacCormack and Wynn & Wynn decisions, if not the specific retroactive application requirement of the Stonehill decision.
In opposition, Kimball attempts to preclude this case from retroactive application of the constitutional precept in the Stonehill decision by analogy to civil actions commencing before the stated effective date of a statutory amendment. Kimball’s position overlooks the SJC’s reasoning: “[A] constitutional decision is not a legislative act but a determination of rights enacted by the Constitution, so that all persons with live claims are entitled to have those claims judged according to *127 what we conclude the Constitution demands.” MacC-ormack, 423 Mass, at 657.
Accordingly, the judgment for Kimball Bennett which entered on May 31, 2002 shall be vacated. Furthermore, in light of the SJC’s decision in Stonehill, 441 Mass, at 552, Count II of Kimball Bennett’s complaint, seeking judicial review of the MCAD decision, pursuant to G.L.c. 151B and G.L.c. 30A, §14, maybe reinstated upon motion.
ORDER
For the foregoing reasons, it is hereby ORDERED that the defendants’ Motion for Relief from Judgment is GRANTED. It is further ORDERED that the judgment entered for the plaintiff on Count I be vacated.

As an alternative remedy, Kimball Bennett had sought judicial review of the MCAD decision in Count II of its complaint. See G.L.c. 15 IB, §6; G.L.c. 30A, §14. At trial, Kimball Bennett proceeded solely on Count I. Following entry of judgment in its favor, Kimball Bennett filed a notice of voluntary dismissal as to MCAD, pursuant to Mass.R.Civ.P. 41(a)(l)(i).

It appears that a portion of the trial transcript has not yet been filed with the Superior Court Clerk.

Audita querela was the initial process by which a judgment defendant could obtain relief against the consequences of a judgment on account of some matter of defense or discharge arising since its rendition and of which it could not otherwise have taken advantage. Black's Law Dictionary 126 (6th ed. 1990); Black’s Law Dictionary 131 (7th ed. 1999).