Neel, Stephen E., J.
Defendant David Keeling (Keeling) petitions for an award of attorneys fees against plaintiff, Wilfert Brothers Realty Co. (Wilfert Brothers). For the reasons set forth below, Keeling’s petition will be allowed in part.

BACKGROUND

In 1993, Keeling filed a claim with defendant Massachusetts Commission Against Discrimination (MCAD) alleging that his employer, Wilfert Brothers, discriminated against him because of his disability in violation of G.L.c. 151B, §4(16). After hearing, the MCAD agreed. On June 25, 2002, Wilfert Brothers filed a complaint with this Court seeking judicial review of the MCAD’s decision pursuant to G.L.c. 30A, §14 and G.L.c. 151B, §6, and claiming the right to a jury trial pursuant to Lavelle v. Massachusetts Comm’n Against Discrimination, 426 Mass. 332 (1997). Keeling filed a motion to dismiss, which was denied by this Court (Lauriat, J.) on November 20, 2002, after which the parties appealed.
The case was consolidated on appeal with several other cases on the Lavelle issue; in Stonehill College v. Massachusetts Comm'n Against Discrimination, 441 Mass. 549 (2004), the Supreme Judicial Court overruled Lavelle in part, and held that Wilfert Brothers was not entitled to a jury trial. Thereafter, on July 19, 2004, the Supreme Judicial Court ruled that “each of the moving and requesting parties [shall] pay their own attorneys fees and costs in connection with the appeals and, therefore, ... no attorneys fees and costs in connection with the appeals [shall] be assessed either here, or in the trial court, against any respondent should any complainant prevail” (July 19, 2004 order). After the Supreme Judicial Court’s adverse ruling with respect to Lavelle in Stonehill College, Wilfert Brothers filed a writ of certiorari in the United States Supreme Court. Keeling submitted an opposition, and the Supreme Court denied the writ. The case was then remanded for review under G.L.c. 30A, and on March 21, 2006, the Court (Neel, J.) [20 Mass. L. Rptr. 611] affirmed the decision of the MCAD.

DISCUSSION

Keeling seeks attorneys fees incurred by attorneys Robert S. Mantell and Kevin G. Powers. The amounts are calculated by multiplying those attorneys’ respective hourly rates, by the number of hours which Keeling contends were incurred and are compensable in this case, and total $41,903. Wilfert Brothers contends that the rates charged by Keeling’s attorneys are unreasonable, and opposes any fee award for services rendered in connection with (1) the report of the Lavelle issue; (2) Keeling’s opposition to the writ of certiorari to the United States Supreme Court; and (3) Keeling’s motion to dismiss.

I. Reasonableness of Hourly Rates

The amount of an award for reasonable attorneys fees is a discretionary matter for the court. Linthicum v. Archambault, 379 Mass. 381, 388-89 (1979). The court may consider the following facts in assessing an appropriate award: the nature of the case and the issues presented, the time and labor required, the result obtained, the experience, reputation, and ability of the attorney(s), and the usual price charged for similar services by other attorneys in the same area. Id. A fair market rate for time reasonably spent preparing and litigating a case is the basic measure of a reasonable attorneys fee. Fontaine v. Ebtec Corp., 415 Mass. 309, 326 (1993), citing Statos v. Department of Pub. Welfare, 387 Mass. 312, 321 (1982).
Wilfert Brothers argues that the $300 hourly rate charged by attorney Robert S. Mantell is excessive. Keeling provides attorney Mantell’s qualifications, including articles published, seminar presentations, and leadership roles in the field. Keeling also includes an affidavit from attorney Mantell, and an affidavit from attorney Wendy A. Kaplan, a colleague, who has practiced employment discrimination law for a comparable amount of time. Attorney Kaplan states that a rate of $300 per hour is “well within what is normal for the market.”
Keeling also provides evidence to show that attorney Kevin G. Powers’ $400 per hour rate is reasonable, including comparable fees earned by Mr. Powers in a similar case, his twenty-seven years of experience in the field of employment law, his publications and *234 leadership roles, and an affidavit submitted on his behalf by attorney Joan Lukey.
On the basis of the materials submitted, the Court concludes that the rates charged by attorneys Mantell and Powers are reasonable, and that the allocation of their time to this case (predominantly by attorney Mantell) is also reasonable.
II.Services Rendered in Connection with the Report of the Lavelle Issue
Keeling’s petition seeks attorneys fees for drafting the motion to report the Lavelle issue, which was ultimately considered by the Supreme Judicial Court. While case law supports attorneys fees for appellate costs pursuant to G.L.c. 15 IB, see e.g. DeRoche v. Massachusetts Comm’n Against Discrimination, 447 Mass. 1, 17-19 (2006) (plaintiff entitled to reasonable attorneys fees for appellate proceedings before an appellate court, G.L.c. 30A review in the Superior Court, and proceedings before the commission), the Supreme Judicial Court addressed the allocation of attorneys fees for the appeals in this case in the July 19, 2004 order: “. . . no attorneys fees and costs in connection with the appeals [should] be assessed either here, or in the trial court, against any respondent should any complainant prevail” (emphasis provided). Fees for services rendered in the Superior Court in connection with the report of the Lavelle issue should therefore not be included in the award for attorneys fees.
Wilfert Brothers, focusing on Keeling’s attorney billing statement for the period March 19 through May 9, 2003, calculates those fees to be approximately $2,500. Based upon a review of the billing statement submitted with the petition, the Court concludes that attorney Mantell’s time spent on the report of the Lavelle issue, times his hourly rate, comes to at least $2,500, and will exclude that amount from the award.

III.Services Rendered in Connection with the Writ of Certiorari to the United States Supreme Court

Keeling’s petition also seeks attorneys fees for his opposition to Wilfert Brothers’ appeal to the United States Supreme Court, arguing that the services rendered are not covered by the July 19, 2004 order, and that it would be unfair to shift the burden of attorneys fees to a party which prevailed on appeal.
To the extent that the Court has any authority to rule on the question of what if any attorneys fees may be awarded for services in connection with filing a writ of certiorari to the Supreme Court seeking further review of the Supreme Judicial Court’s decision in this case, the Court concludes that such services are services “in connection with the appeals” under the July 19, 2004 order, and that each party is therefore to bear its own fees.
The Court’s review of the attorneys’ billing statement indicates that attorney Mantell spent 21.54 hours on the opposition to the writ, and attorney Powers, 4.25 hours. At their respective rates, the excluded amount totals $8,162.

IV.Services Rendered on Keeling’s Motion to Dismiss

Keeling includes in his petition for attorneys fees services rendered in connection with his motion to dismiss, on which he did not prevail. Wilfert Brothers contends that Keeling is not entitled to an award of attorneys fees for services rendered on unsuccessful issues such as those raised in the failed motion to dismiss.
The general rule is that attorneys fees are appropriate for services in connection with successful claims. See Hensley v. Eckerhart, 461 U.S. 424, 440 (1983); DeRoche, 447 Mass. at 18-19; Police Commissioner of Boston v. Gows, 429 Mass. 14, 19 (1999); Yorke Management v. Castro, 406 Mass. 17, 20 (1989); Stagecoach Transp., Inc. v. Shuttle, 50 Mass.App.Ct. 812, 823 (2001).
However, in appropriate cases a court may award attorneys fees to a prevailing party even if the award includes fees for work on unsuccessful claims or issues. See Clifton v. Massachusetts Bay Transportation Authority, 445 Mass. 611, 624 (2005) (awarding plaintiff appellate attorneys fees even though he did not prevail on all of his claims on appeal); Wynn & Wynn v. Massachusetts Comm’n Against Discrimination, 431 Mass. 655, 675-76 (2000) (commission’s award of attorneys fees permissible because the “interrelationship of the successful failure to hire claim and the unsuccessful sexual harassment claim was substantial”); School Committee v. Massachusetts Comm’n Against Discrimination, 63 Mass.App.Ct. 839, 854 (2005) (attorneys fees should not be reduced even though some of plaintiffs claims were dismissed because “these claims were based on a common core of factual investigation and related legal theories”). As the cited cases show, where different claims are concerned, and the petitioner has prevailed on some but not others, one question for the Court to decide is the extent to which the legal work on the successful claims necessarily overlapped the legal work on the unsuccessful ones.
In this case, the question is whether fees for services on a failed motion to dismiss one claim should be awarded where the party was ultimately successful on the merits of that same claim. The court in DeRoche referred to a party’s entitlement “only for those attorneys fees and costs incurred in connection with those issues on which he prevailed in the Superior Court.” DeRoche, supra at 18-19. One might argue that Keeling lost on the “issue” of whether the claim should be dismissed, but won on the ultimate issue. In the context of the appellate cases, however, “issues” and “claims” appear to be interchangeable terms. See Police Commissioner of Boston v. Gows, supra, 429 Mass. at 20 (“Gows did not, however, prevail on all the issues *235 raised . . . The Superior Court must. . . separate out the portion of the attorneys fees and costs expended with respect to claims on which Gows did not prevail . . .” (emphasis added)).
A more helpful way of looking at the question is suggested by Twin Fires Inv., LLC v. Morgan Stanley Dean Witter & Co., 445 Mass. 411, 430-31 (2005), where the court’s inquiry was whether a particular course pursued by petitioner’s counsel was a reasonable course for counsel to take given the state of the law. Here, the motion to dismiss was based, in part, on a legal dispute as to the requirements for notice of the MCAD’s underlying decision, and a factual dispute as to when notice was actually received. Although Keeling lost the motion, the motion was based on reasonable grounds. Accordingly, the award of attorneys fees will not exclude fees in connection with the motion to dismiss.

ORDER

For the reasons stated above, it is hereby ORDERED that Keeling’s petition for an award of attorneys fees is ALLOWED in the amount of $31,241.