**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 03-1414

FAROUK O. MARTINS,

Plaintiff, Appellant,

v.

BOSTON PUBLIC HEALTH COMMISSION,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Richard G. Stearns, U.S. District Judge]

Before

Boudin, Chief Judge,
Lynch and Howard, Circuit Judges.

Farouk Martins on brief pro se.
John M. Townsend and Eileen A. Roach on brief for appellee.

October 7, 2003

**Per Curiam**.  Farouk Martins has appealed a district court order dismissing his complaint for failure to state a claim.  See Fed. R. Civ. P. 12(b)(6).  We affirm.

We review, de novo, the district court's grant of a Rule 12(b)(6) motion to dismiss for failure to state a claim.  Martin v. Applied Cellular Technology, Inc., 284 F.3d 1, 5 (1st Cir. 2002).  The district court here granted the Rule 12(b)(6) motion on res judicata (claim preclusion) grounds.  We look to state law in deciding the res judicata effect of a state court judgment in federal court.  Kremer v. Chemical Construction Corp., 456 U.S. 461, 481-82 (1982); Cruz v. Melecio, 204 F.3d 14, 18 (1st Cir. 2000).  In Massachusetts, "[t]hree elements are essential for invocation of claim preclusion: (1) the identity or privity of the parties to the present and prior actions, (2) identity of the cause of action, and (3) prior final judgment on the merits."  DaLuz v. Dept. of Correction, 434 Mass. 40, 45, 746 N.E.2d 501, 505 (2001).  The second element -- that of "the identity of the cause of action" -- is the only one potentially at issue here.  As to that element, Massachusetts law provides that "[c]laim preclusion makes a valid, final judgment conclusive on the parties and their privies, and prevents relitigation of all matters that were *or could have been adjudicated in the action*."  Blanchette v. School Committee of Westwood, 427 Mass. 176, 179 n.3, 692 N.E.2d 21, 24 n.3 (1998) (emphasis added).

In responding to the appellee's motion to dismiss, Martins informed the district court that he had filed a complaint with the Massachusetts Commission Against Discrimination (MCAD) in September 1997 against his former employer, the Boston Public Health Commission (BPHC), alleging retaliation after reporting sexual harassment to BPHC. Martins argued that, because his retaliation claim remained pending before the MCAD at the time of his state court common law action for defamation and because the state court would not adjudicate any such retaliation claim until the administrative process was completed, he did not have a full and fair opportunity to litigate that retaliation claim in his state court case.

Martins did not attach any documents from his MCAD filing. Nor did he inform the district court of the outcome of any MCAD proceeding. He did provide a copy of a right-to-sue letter issued by the Equal Employment Opportunity Commission (EEOC), dated September 19, 2002, and a copy of an October 1998 ruling by the state court in his defamation suit that denied a motion apparently filed by BPHC seeking to dismiss. The responsibility and, thus, consequences for having presented an incomplete and fragmented record rest with Martins. In any event, we are able to conclude that res judicata appropriately lies here to bar the most recent complaint.

Contrary to Martins's contention, he was not deprived of a full and fair opportunity to litigate his retaliation claim in the state court. See O'Neill v. City Manager of Cambridge, 428 Mass. 257, 259, 700 N.E.2d 530, 533 (1998) (reciting that claim preclusion does not apply in a case where a party did not have an opportunity to raise the claim at the earlier proceeding). Although Martins was required by state law to first present a timely complaint of discrimination to the MCAD -- here, Martins's claim was for termination (allegedly) in retaliation for his allegations of sexual harassment against a fellow employee whom Martins supervised -- he had the right to withdraw that claim from the MCAD and bring suit in court at any time with permission of the MCAD or as of right after ninety days if the MCAD had not adjudicated the case by that time. Green v. Wyman-Gordon Co., 422 Mass. 551, 557 n.8, 664 N.E.2d 808, 812 n.8 (1996); Charland v. Muzi Motors, Inc., 417 Mass. 580, 583-84, 631 N.E.2d 555, 557 (1994); see also Lavelle v. MCAD, 426 Mass. 332, 335, 688 N.E.2d 1331, 1334 (1997) (reciting that "a complainant has the *right* under G.L. c. 151B, § 9, to terminate agency proceedings and obtain a judicial determination of her claim") (emphasis added).

If Martins had withdrawn his MCAD complaint, he could have pursued the retaliation claim in conjunction with his common law defamation claim. This is so whether the statutory basis for Martins's retaliation claim is Mass. Gen. Laws ch. 151B, § 9 or

Title VII. A state court has concurrent jurisdiction to adjudicate a Title VII claim. Yellow Freight System, Inc. v. Donnelly, 494 U.S. 820, 821 (1990). Although Martins did not have an EEOC right-to-sue letter at the time of his state court defamation action, he could have sought such a letter from the EEOC 180 days after filing an EEOC complaint. See Occidental Life Ins. Co. v. EEOC, 432 U.S. 355, 361 (1977); see also Kremer v. Chemical Construction Corp., 456 U.S. 461, 465 n.3 (1982) (reciting that "[w]here the Commission has not filed a civil action against the employer, it must, if requested, issue a right-to-sue letter 180 days after the charge was filed"). Martins does not inform us of the date that he filed his EEOC complaint but, pursuant to the worksharing agreement by which a claim filed with the MCAD is effectively filed with the EEOC, see Davis v. Lucent Technologies, Inc., 251 F.3d 227, 230 n.1 (1st Cir. 2001), we can assume, as operative for the EEOC complaint, the purported filing date of September 1997 for his MCAD complaint. Thus, Martins could have requested a right-to-sue letter from the EEOC in March 1998. Martins's state court defamation action was still pending at this time and was not resolved by the state superior court until June 1999. There is nothing to suggest that Martins could not have notified the state court of his Title VII claim and sought a stay of that action until he asked for and obtained the letter from the EEOC. Cf. Heyliger v. State U. & Comm. Coll. System of Tenn., 126 F.3d 849, 855-56

-5-

(6th Cir. 1997) (holding that claim preclusion, under Tennessee law, applied to bar Title VII claim because plaintiff could have timely sought EEOC right-to-sue letter and folded the Title VII claim into his state court civil rights action); Woods v. Dunlop Tire Corp., 972 F.2d 36, 41 (2d Cir. 1992) (holding that claim preclusion applied to bar Title VII claim because plaintiff could have filed her claim under the Labor Management Relations Act and then either sought a stay of that action pending the outcome of the Title VII proceeding or sought a right-to-sue letter from the EEOC).

From aught that appears, however, Martins chose not to withdraw his MCAD complaint. He was certainly within his rights to opt for an administrative, rather than judicial, decision of his retaliation claim. See Charland v. Muzi Motors, Inc., 417 Mass. at 583-85, 631 N.E.2d at 557-58. That Martins *chose* not withdraw his MCAD complaint and to pursue this retaliation claim in his state court defamation suit, however, does not mean that he did not have a full and fair opportunity to present this retaliation claim in state court. It only means that he failed to take advantage of the opportunity that was available to him. That failure on Martins's part does not prevent the application of claim preclusion here.

Affirmed.