**Maria DEL CARMEN TIRADO Plaintiff**

v.

**DEPARTMENT OF EDUCATION, et al. Defendants**

**No. CIV. 01–2093(SEC).**

United States District Court, D. Puerto Rico.

Nov. 24, 2003.

Wilma E. Reveron–Collazo, San Juan, PR, for Plaintiffs.

Gloria Robison–Guarch, Yvonne M. Menendez-Calero, Commonwealth Department of Justice, Federal Litigation Division, San Juan, PR, Felix M. Roman–Carrasquillo, Esq., San Juan, PR, Salvador J. Antonetti–Stutts, Pietrantoni Mendez & Alvarez, San Juan, PR, Elfrick Mendez-Morales, Landron & Vera, LLP, Guaynabo, PR, Wilma E. Reveron-Collazo, San Juan, PR, for Defendants.

## OPINION & ORDER

CASELLAS, District Judge.

In this case, Plaintiff seeks compensation under Title VII and Section 1983 of the Civil Rights Act, 42 U.S.C. §§ 2000 et seq., as well as under the Constitution and Laws of the Commonwealth of Puerto Rico, for alleged sexual harassment and discriminatory actions committed by the Department of Education and several named Defendants. Co-defendant Victor Fajardo filed a motion to dismiss all claims against him on several different grounds (Docket # 46) and the remaining Co-defendants, Commonwealth of Puerto Rico, Bienvenido Mojica and Carment Rivera, filed a motion adopting Co-defendant Fajardo's motion (Docket # 53). Having considered Defendants' motion, as well as Plaintiff's opposition (Docket # 50), Defendants' motion to dismiss will be **GRANTED in part and DENIED in part.**

### Standard of Review

In assessing whether dismissal for failure to state a claim is appropriate, "the trial court, must accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the plaintiff's favor, and determine whether the complaint, so read, limns facts sufficient to justify recovery on any cognizable theory." *LaChapelle v. Berkshire Life Ins. Co.,* 142 F.3d 507, 508 (1st Cir.1998) (citations omitted). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), *quoted in Davis v. Monroe County Bd. of Education,* 526 U.S. 629, 119 S.Ct. 1661, 1676, 143 L.Ed.2d 839 (1999). *See also Correa–Martínez v. Arrillaga-Beléndez,* 903 F.2d 49, 52 (1st Cir.1990) (dismissal for failure to state a claim is warranted "only if it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory.").

But "[a]lthough this standard is diaphanous, it is not a virtual mirage." *Berner v. Delahanty,* 129 F.3d 20, 25 (1st Cir.1997) (*quoting Gooley v. Mobil Oil Corp.,* 851 F.2d 513, 515 (1st Cir.1988)). In order to survive a motion to dismiss, "a complaint must set forth 'factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.'" *Id.*

In judging the sufficiency of a complaint, courts must "differentiate between well-pleaded facts, on the one hand, and 'bald assertions, unsupportable conclusions, periphrastic circumlocution, and the like,' on the other hand; the former must be credited, but the latter can safely be ignored." *LaChapelle,* 142 F.3d at 508 (*quoting Aulson v. Blanchard,* 83 F.3d 1, 3 (1st Cir. 1996)). *See also Rogan v. Menino,* 175 F.3d 75, 77 (1st Cir.1999). Moreover, Courts "will not accept a complainant's unsupported conclusions or interpretations of law." *Washington Legal Foundation v. Massachusetts Bar Foundation,* 993 F.2d 962, 971 (1st Cir.1993).

### Procedural Background

On October 4, 2000 Plaintiff filed an injunction petition in the Puerto Rico Court of First Instance, Superior Section, San Juan. The petition was directed against Co-defendant Victor Fajardo, as

Secretary of Education. The petition was predicated on Plaintiff's privacy rights under the Constitution of the Commonwealth of Puerto Rico. The Superior Court emitted a partial judgment on March 23, 2001. The Superior Court's partial judgment contained determinations both of fact and law. The Superior Court ordered then Secretary of Education Cesar Rey to paralyze all disciplinary proceedings against Plaintiff and reinstall her with all the rights and privileges inherent to her position. The Superior Court ordered Plaintiff to notify the court, within fifteen (15) days, of her interest to proceed with her claims for damages. Finding no reason to postpone the determination of the matters before it until final resolution of the case, the court ordered that judgment be entered and notified the parties on April 5, 2001.

On August 15, 2001 Plaintiff filed the present complaint. It was not until July 3, 2002 that Plaintiff filed a motion requesting a stay of the proceedings before the Commonwealth's Superior Court. (Docket # 18—n. 3). The Superior Court has not ruled on said motion.

## Applicable Law and Analysis

### A. Res Judicata

■ Defendants assert that Plaintiff's claims are barred by the doctrine of *res judicata*. Under the doctrine of *res judicata*, a final judgment on the merits of an action precludes the parties, or their privies, from re-litigating issues, both those issues actually litigated and adjudicated as well as those which could have been litigated and adjudicated in a previous suit. *Mercado Riera v. Mercado Riera*, 100 P.R.R. 939, 949, 1972 WL 33983 (1972). In order to determine the preclusive effect of the Commonwealth's judgment in federal court, the Court must look to Puerto Rico law. *See* 28 U.S.C. § 1738; *Cruz v. Melecio*, 204 F.3d 14, 18 (1st Cir.2000). *See also Migra v. Warren City Sch. Dist. Bd. of Ed.*, 465 U.S. 75, 81, 104 S.Ct. 892, 79

L.Ed.2d 56 (1984) ("a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered").

■ Under Puerto Rico law, "it is necessary that, between the case decided by the sentence and that in which the same is invoked, there be the most perfect identity between the things, causes, and persons of the litigants, and their capacity as such." 31 L.P.R.A. § 3343 (2002). Identity of thing refers to the object or content of the action. *Esteves v. Ortiz*, 678 F.Supp. 963 (D.P.R.1988). There is identity of things "if when deciding the object of a complaint, the judge may contradict a prior decision affirming a right arisen or arising from, or a right affirmed by a prior court decision." *A & P Gen. Contractors, Inc. v. Asociacion Cana, Inc.*, 110 D.P.R. 753, 764–64 (1981)(translation provided). In the present case, the Superior Court found that the Department of Education's actions violated "plaintiff['s] constitutional rights to due process, life, liberty, and dignity" (Docket # 50, p. 13). The Superior Court added in its judgment that Plaintiff had been unjustifiedly suspended and discharged without the minimum guarantees of due process. These same issues are before us. A decision at this level may contradict the state court findings.

In *Zambrana v. Superior Court*, 100 P.R.R. 178, 1971 WL 30386 (1971), the Puerto Rico Supreme Court stated that,

The defense of res judicata, in its aspect of splitting of the cause of action, is applicable to every subsequent claim between the same parties relating to the same matter. The purpose of res judicata is to avoid the judicial controversies and to avoid the continuous hardships caused to one party by successively filing various suits related to the same matter.

*Id.* at 179, 1971 WL 30386 (citations omitted). "Cause of action," as defined by the Supreme Court of Puerto Rico, is "the principal ground, the origin or exceptions raised and decided, and it must not be mistaken for the means of proof nor for the legal grounds of the claims adduced by the parties." *Lausell Marxuach v. Diaz de Yanez*, 3 P.R. Offic. Trans. 742, 748, 1975 WL 38829 (1975)(*quoting* VIII–2 Manresa, Comentarios al Código Civil Español 301 (6th Ed.1967)).

■ Although Plaintiff adds new causes of action in her federal complaint, these new claims arise from the same "nucleus of operative facts" as her causes of action in her state complaint.[1] The events that gave rise to the new claims had transpired by the time Plaintiff filed her state complaint. Plaintiff alleges that as a result of the sexual harassment she was suffering at the hands of Co-defendant Mojica, she had to take a leave of absence from the school from October 1999 to April 23, 2000. (Docket # 18—¶ 11) On January 27, 2000 Plaintiff filed an administrative complaint with the Department of Education alleging sexual harassment and a hostile environment situation. On August 4, 2000 Plaintiff filed a formal administrative complaint against defendant employer before the Puerto Rico Labor Department Anti–Discrimination Unit (PRLDAU) and the Equal Employment Opportunity Commission (EEOC). Additionally, administrative and criminal charges were filed against Plaintiff after a "harsh exchange of words" with Co-defendant Rivera on May 11, 2000, about a week after the alleged harasser, Co-defendant Mojica, was removed from the school. (Docket # 18—¶¶ 15–19).

Subsequently, the criminal charges were dismissed after a finding of no cause (Docket # 18—¶ 20). Then, during a faculty meeting on August 1, 2000, Plaintiff learned that she had been "separated from employment but not from salary" (Docket # 18 –¶ 22–24). A letter dated June 22, 2000 informing Plaintiff of the decision to suspend her had been mailed to the wrong address (Docket # 18—¶ 29). The letter ordered Plaintiff to submit to a psychiatric evaluation or face discharge (Docket # 18—¶ 30). Plaintiff later received a second letter with a new appointment for the psychiatric evaluation (Docket # 18—¶ 34). Although a hearing for the injunction was still pending, Plaintiff was terminated from her employment on February 21, 2001[2] (Docket # 18—¶ 37). Plaintiff filed her state complaint on October 4, 2000.

In her state suit, Plaintiff challenged the constitutionality of Article 15 of Law No. 115 of June 30, 1965, 18 L.P.R.A. § 274j, which allows the Secretary of Education to order a teacher or employee to undergo a physical or mental evaluation if he has grounds to believe that the teacher or employee is physically or mentally disabled. In addition, Plaintiff requested an injunction against all proceedings against her pending in the Department of Education, restitution, and damages for economic loss and mental anguish (Docket # 27–Exhibit 1). Plaintiff's federal complaint, filed August 15, 2001, includes four causes of action: 1) violation of her right to equal protection and to be free from sex discrimination and sexual harassment under federal and Puerto Rico law; 2) violation of her secured rights under Title VII

1. Plaintiff argues in her opposition to the motion to dismiss that she alleges new facts which occurred after the Superior Court emitted the partial judgment. These new facts relate to Co-defendant Mojica. Her suit against him in his personal capacity is not barred by *res judicata* as he was not a party in the first suit.

2. Plaintiff was later reinstated in her position and salaries in compliance with the ruling of the Superior Court of Puerto Rico dated March 23, 2001.

of the Civil Rights Act, 42 U.S.C. § 2000 et seq.; 3) violation of § 1983; and 4) violation of art. II, § 7 of the Constitution of Puerto Rico; Act 100 of June 30, 1959; Act 69 of July 6, 1985; and Law 17 of April 22, 1988, § 155 et seq. All these claims could have been brought in Plaintiff's first suit as state courts have concurrent jurisdiction of Plaintiff's federal claims.

We will address each of Plaintiff's claims individually to determine whether they arise form the same "nucleus of operative facts" and are thus barred by the doctrine of res judicata. Plaintiff's first cause of action emerges from the alleged violation of her right to equal protection and to be free from sex discrimination and sexual harassment under federal and Puerto Rico law. Although we fail to see the factual basis for this claim, we find that it arises from the same "nucleus of operative facts" found in Plaintiff's first complaint and as such is barred. The alleged sexual harassment had already taken place by the time Plaintiff filed her state complaint. In fact, Plaintiff had already filed an administrative complaint regarding the alleged harassment prior to her state complaint. Since Plaintiff's constitutional rights are once again in question, a decision on the merits on this case may result in a contradiction with the Superior Court's judgment.

We must also conclude that Plaintiff's second claim arising from the alleged violation of her rights under Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000 et seq., is barred by res judicata. On August 1, 2000 Plaintiff learned of her suspension and of her employer's intention to discharge her if she did not undergo psychiatric evaluation. Although she was not discharged until after the filing of the state complaint, her discharge was addressed by the state court. Moreover, in her amended complaint, Plaintiff noted that Hon. So-

nia Vélez, Superior Court Judge found that "even though she didn't have the sexual harassment action before her, plaintiff had demonstrated sincerity in her perception that she was being persecuted by the school director, Ms. Rivera, in reprisal for having filed a sexual harassment complaint" (Docket # 27–Exhibit 3). Plaintiff presented a fragmented case before the Superior Court, since she could have presented her Title VII claims in her state complaint. Having failed to do so, Plaintiff must then suffer the consequences of splintering her claims.

■ We note that it was not until May 17, 2001 that the U.S. Department of Justice, Civil Rights Division, issued the EEOC right-to-sue letter. However, this does not mean that the doctrine of res judicata is not appropriate. See Martins v. Boston Public Health Comm'n, 77 Fed. Appx. 4, 2003 U.S.App. Lexis 20589 (1st Cir.2003). In Martins, the First Circuit affirmed the district court's dismissal of the complaint on res judicata grounds. Martins argued that because his complaint before the Massachusetts Commission Against Discrimination (MCAD) against his former employer alleging retaliation after reporting sexual harassment was still pending at the time that Martins filed his state court common law action for defamation, and as such would not be adjudicated by the state court, he did not have a full and fair opportunity to litigate the retaliation claim in his state court case. The First Circuit stated that although Martins did not have an EEOC right-to-sue letter at the time he filed his complaint in state court, he could have withdrawn his MCAD complaint and requested the EEOC letter 180 days after filing his EEOC complaint. See Kremer v. Chemical Constr. Corp., 456 U.S. 461, 465 n. 3, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982)("where the Commission has not filed a civil action against the

employer, it must, if requested, issue a right-to-sue letter 180 days after the charge was filed"). The First Circuit noted that Martins could have notified the state court of his Title VII claim and requested a stay until he obtained a right-to-sue letter, yet he *chose* not to. Thus, the First Circuit held that the complaint was barred by *res judicata.*

Similarly, in the present case, Plaintiff could have requested her EEOC right-to-sue letter and a stay of the state court proceedings. Plaintiff could have requested the letter 180 days after the filing of her administrative complaint while the case was still pending before the Superior Court. The fact that Plaintiff failed to take advantage of the options before her does not mean that she did not have a full and fair opportunity to litigate her claims.

With regard to Plaintiff's third cause of action alleging violation of § 1983, in that she was deprived of her due process of law in the proceedings followed in the administrative complaint against her, we must also conclude that this cause of action is barred by *res judicata.* The administrative complaint against Plaintiff was specifically addressed by the Superior Court. Moreover, Plaintiff concedes that, in her state complaint, she expressed a *"desire* for redress for a violation of her civil and constitutional rights" although she did not mention literally that her cause of action was under § 1983 (Docket # 50, p. 13).

Finally, Plaintiff asserts several violations of the Constitution and Laws of the Commonwealth of Puerto Rico. Since this final cause of action arises from the same "nucleus of operative facts," and was in part brought before the Superior Court, it too is barred by *res judicata.*

█ Plaintiff asserts in her opposition to the motion to dismiss that the judgment entered by the state court was partial and not final. Before the defense of *res judicata* can succeed, the state court judgment must be final, firm, and unappealable. *Cruz v. Melecio,* 204 F.3d 14 (1st Cir.2000). The Superior Court gave Plaintiff fifteen (15) days to inform the court of her intention to proceed with her claim for damages. By the time Plaintiff filed her claim in this Court, the time period to file for an appeal, as well as the period to request damages, had expired. We do not know if Plaintiff did in fact continue with her claim for damages. If Plaintiff did so, we believe that the Superior Court, which witnessed the evidence and made determinations of fact and law is better suited to proceed with Plaintiff's damages request.

Plaintiff also argues that the *res judicata* doctrine cannot be applied to this case since there is no perfect identity of the parties involved. The requirement of "perfect identity" has not always been read literally by Puerto Rico courts. *See Toro v. Univ. of P.R.,* 183 F.Supp.2d 457 (D.P.R.2001); *Futura Dev. Corp. v. Centex Corp.,* 761 F.2d 33 (1st Cir.1985). Section 3343 itself establishes exceptions to the "perfect identity" requirement. It states that,

> It is understood that there is identity of persons whenever the litigants of the second suit are legal representatives of those who litigated in the preceding suit, or when they are jointly bound with them or by the relations established by the indivisibility of prestations among those having a right to demand them, or the *obligation to satisfy the same.* 31 L.P.R.A. §§ 3343 (2002) (emphasis added).

The fact that Plaintiff added new parties does not impede dismissal on *res judicata* grounds. In *De Leon v. Colon,* 42 P.R.R. 22, 1931 WL 5032 (1931), the Puerto Rico Supreme Court held that the plaintiff could not re-litigate after a suit had been determined by final judgment although the plaintiff had joined additional defendants

to the principal defendant in the second suit. In the case at hand, Plaintiff's suit in the state court was against Co-defendants Fajardo and the Department of Education. Plaintiff's claim before us adds Co-defendant Cesar Rey, Co-defendant Fajardo's successor as Secretary of Education, Bienvenido Mojica, and Carmen Rivera. Taking into consideration the holding in *De Leon*, we must conclude that Plaintiff's current federal suit is barred by the doctrine of *res judicata* as to the Department of Education and Co-defendant Fajardo. In addition, it is also barred against Co-defendant Rey as he was, through his office, obligated to satisfy Plaintiff's demands in her state complaint. In fact, Co-defendant Rey was ordered by the Superior Court to reinstate Plaintiff despite the fact that he was not a named party. Moreover, Plaintiff's claims against all Defendants in their official capacity are barred by *res judicata* since the real party is the Commonwealth of Puerto Rico, which was a named party in Plaintiff's state court complaint. On the other hand, Plaintiff's claims against Co-defendants Mojica and Rivera in their individual capacity are not barred by *res judicata*. Therefore, Plaintiff's claims against Co-defendant Fajardo,[3] Rey, and the Department of Education are hereby **DISMISSED WITH PREJUDICE** and Plaintiff's claims against Co-defendants Mojica and Rivera in their official capacity are hereby **DISMISSED WITH PREJUDICE.**

The Court notes that Co-defendants Commonwealth of Puerto Rico, Bienvenido Mojica, and Carmen Rivera filed a motion adopting Co-defendant Fajardo's motion to dismiss (Docket # 53). This motion was filed after Plaintiff's opposition to Co-defendant Fajardo's motion to dismiss (Docket # 50). Therefore, the Court hereby

**3.** Plaintiff's claims against Co-defendant Fajardo's wife and the conjugal partnership

grants Plaintiff thirty (30) days to oppose said motion on the remaining grounds for dismissal.

**Conclusion**

For the reasons discussed above, Plaintiff's causes of action against Co-defendants Fajardo, Rey, and the Department of Education will be **DISMISSED WITH PREJUDICE**; Plaintiff's causes of action against Co-defendants Mojica and Rivera in their official capacity will be **DISMISSED WITH PREJUDICE.** Several of Plaintiff's causes of action still remain pending before the court, namely Plaintiff's claims against Co-defendants Mojica and Rivera, in their personal capacity.

**SO ORDERED.**

comprised by them are also dismissed with prejudice.