**In re Jose L Sanchez RODRIGUEZ,
Nelly Montalvo Garriga,
Debtor(s).**

**Jose L. Sanchez Rodriguez, Nelly
Montalvo Garriga, Plaintiff**

**R & G Mortgage Corporation,
Defendant(s).**

No. 02–05947 BKT.
Adversary No. 03–00129.

United States Bankruptcy Court,
D. Puerto Rico.

Sept. 21, 2007.

Juan Manuel Suarez Cobo, Legal Partners, PSC, San Juan, PR, for Plaintiff.

R & G Mortgage Corp., pro se.

Sonia B. Alfaro De La Vega, San Juan, PR, for Defendant.

## OPINION AND ORDER

BRIAN K. TESTER, Bankruptcy Judge.

In the case at bar, José L. Sánchez and Nelly Montalvo Garriga (hereinafter "Plaintiffs") object to R & G Mortgage's (hereinafter "Defendant") proof of claim and request damages and attorney's fees for violation of the Real Estate Settlement and Procedure Act (hereinafter "RESPA") 12 U.S.C. § 2601 *et seq.* This Court entered an Opinion and Order on April 11, 2006 (Dkt. No. 30) granting a summary judgment finding Defendant liable for violating RESPA. This Opinion and Order will resolve a Motion to Dismiss for Lack of Subject Matter Jurisdiction (hereinafter "motion to dismiss") (Dkt. No. 83) and a Motion for Reconsideration and/or Vacate Judgment (hereinafter "motion for recon-

sideration"), (Dkt. No. 84), both filed by Defendant.

## I. Findings of Facts

1) Defendant currently services a loan obtained by Plaintiffs and secured by a mortgage note encumbering their principal residence.

2) This loan is evidenced by a mortgage note Plaintiffs executed showing they agreed to its repayment through payments of monthly installments equal to $540.00 each, commencing on October 1, 1999 and ending on September 1, 2014.

3) In or around April 2001, Defendant increased the monthly payment to an amount exceeding $900.00, and in July of the same year the payments increased again to $974.30.

4) Plaintiffs continued making the mortgage payments, but after a couple of months they failed to continue with the increased payments.

5) Consequently, on November 1, 2001, Defendant filed a collection of monies and foreclosure action against Plaintiffs in the Puerto Rico state court. Plaintiffs never responded to the foreclosure procedure and the state court entered a judgment in favor of Defendant on February 2, 2002.

6) On May 2, 2002, Defendant requested the execution of the judgment by way of public sale.

7) Due to the above circumstances, Plaintiffs filed for bankruptcy protection on June 3, 2002, before any public sale took place.

8) On August 12, 2002, Defendant filed proof of claim number five (5)[1] in the amount of $70,119.74 as a secured claim in this case, claiming $15,902.42 for arrears.

9) In an attempt to clarify the Plaintiffs' loan account, on June 10, 2003, Plaintiffs' attorney mailed a letter to Defendant with various inquiries relating to the mortgage, and specifically informing, that the letter should be treated as a "qualified written request" under RESPA, pursuant to 12 U.S.C. § 2605(e).

10) This adversary proceeding was filed on August 28, 2003, alleging that Defendant failed to comply with the provisions of RESPA and also, objecting the proof of claim filed by Defendant.

11) On September 5, 2003, Defendant answered Plaintiffs' "qualified written request".

12) On April 11, 2006, following Defendant's motion to dismiss or summary judgment (Dkt. No. 12) and Plaintiffs' reply (Dkt. No. 15), this Court entered a partial judgment in favor of Plaintiffs. This court determined that Defendant's letter in response to the written request made by Plaintiffs did not comply with the requirements of Section 2605(e)(2) of RESPA (Dkt. No. 30).

13) Plaintiffs did not file a motion for reconsideration nor was a motion to vacate judgment or an appeal filed after this Court entered its ruling.

14) This Court scheduled an evidentiary hearing on July 11, 2006, to determine the amount of damages that Plaintiffs are entitled due to Defendant's violation of RESPA.

15) The evidentiary hearing was rescheduled several times due to an amended complaint and discovery disputes between the parties. Finally, a trial date was scheduled for June 8, 2007.

16) On June 4, 2007 (four days before the evidentiary hearing and almost fourteen (14) months after this court entered

---

**1.** The proof of claim was later amended due to this adversary proceeding on April 4, 2005.

the judgment in this complaint), Defendant filed a response to the first amended complaint (Dkt. No. 81), a motion to dismiss (Dkt.83) and a motion for reconsideration (Dkt.84).

17) Due to the filing of said motions the trial hearing was converted to a status conference.

18) On July 27, 2007, Plaintiffs filed their respective oppositions to Defendant's motions.

## II. Discussion

### 1. Motion for Reconsideration and/or Vacate Judgment

▉▉▉ First, we will resolve the delayed motion for reconsideration based on Federal Rule of Civil Procedure 60(b). Rule 60(b)(6) allows the court to relieve a party from a final judgment for several reasons and "any other reason justifying relief from the operation of judgment." Motions brought under Rule 60(b) are "committed to the court's sound discretion," *de la Torre v. Continental Ins. Co.,* 15 F.3d 12, 14–15 (1st Cir.1994). Although many courts have indicated that Rule 60(b) motions should be granted liberally, the First Circuit has taken a more harsh approach. Given that Rule 60(b) is a vehicle for extraordinary relief, motions invoking the rule should be granted only under exceptional circumstances. The rule must be applied so as to recognize the desirability of deciding disputes on their merits, while also considering the importance of finality as applied to court judgments (citations omitted). *Davila–Alvarez v. Escuela de Medicina Universidad Central del Caribe,* 257 F.3d 58, 63–64 (1st Cir.2001).

▉▉▉ In the case of a motion for relief from judgment, the movant must demonstrate that certain criteria have been achieved. In general, these criteria include (1) timeliness, (2) the existence of exceptional circumstances justifying extraordinary relief, and (3) the absence of unfair prejudice to the opposing party, (emphasis added). *Teamsters, Chauffeurs, Warehousemen and Helpers Union, Local No. 59 v. Superline Transp. Co., Inc.,* 953 F.2d 17, 20 (1st Cir.1992). Furthermore, the rules for relief from judgment do not provide a vehicle for a party to undo its own procedural failures. *Aybar v. Crispin–Reyes,* 118 F.3d 10, 16 (1st Cir.1997).

As stated in the findings of facts, this adversary proceeding was filed on August 8, 2003. On April 11, 2006, the Court entered an opinion and order and partial judgment. Ten (10) days later, on April 21, 2006, the First Circuit decided the case *R.G. Financial Corp. v. Vergara–Nuñez,* 446 F.3d 178 (1st Cir.2006) (hereinafter *"Vergara "*), cited by Defendant. Defendant was a party to that appeal, and both attorneys in this case were the attorneys of record on the *Vergara* case.

It is important to take notice that Defendant's motion was filed on June 4, 2007, almost fourteen (14) months after the entry of the opinion and order, and more than a year after the First Circuit ruling in *Vergara.* Defendant provides no reason or "exceptional circumstances" for the untimely request as proscribed by Rule 60(b). The failure to timely file the above-mentioned motion has caused significant delay in the resolution of this case.

Therefore, due to Defendant's failure to timely file their motion and their failure to show extraordinary circumstances to justify the delay of more than a year, we hereby deny the motion for reconsideration (Dkt. No. 84).

### 2. Motion to Dismiss for Lack of Subject Matter Jurisdiction.

In the motion to dismiss, Defendant explained the ruling in the *Vergara* case. The First Circuit upheld a decision to dis-

miss a complaint base on a violation of the Truth in Lending Act (hereinafter "TILA"), because that cause of action was barred by the *res judicata* doctrine due to a final judgment on a foreclosure complaint prior to the TILA complaint. In the *Vergara* case, R & G Financial filed a foreclosure procedure against Vergara. Despite proper notice and service Vergara failed to respond and consequently the court entered a default judgment. After a few months, Vergara wrote a letter to the bank stating that R & G had violated TILA provisions that rescinded the mortgage loan and the mortgage note.

The First Circuit resolved that a prior action for foreclosure brought by a loan servicer in state court possessed perfect identity of thing or cause with a counterclaim asserted by mortgagor against servicer in a subsequent action in federal district court alleging violation of TILA, for the purpose of the application of *res judicata* under Puerto Rico law. *Id.*, at 183. The court explained that it would be impossible for mortgagors to prevail in the TILA actions, alleging the loan was subject to rescission, without flatly contradicting the state court ruling of mortgagee's right to foreclose. *Id.*

Defendant refers to the *Vergara* case to argue that Plaintiffs' complaint is barred because the *res judicata* doctrine applies to RE SPA violations when there was a foreclosure procedure in state court that is final and unappealable. Based on the aforementioned case, we have to decide if the same reasoning of *res judicata* in TILA claims, upheld by the First Circuit, can be applied to violations of Section 2605 of RESPA.

### A. Motion to Dismiss Standard

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss an action against him based solely on the pleadings for the plaintiff's failure to state a claim upon which relief can be granted. In assessing a motion to dismiss, "we accept as true the factual averments of the complaint and draw all reasonable inferences therefrom in the plaintiffs' favor." *Educadores Puertorriqueños en Acción v. Hernández*, 367 F.3d 61, 62 (1st Cir.2004). We then determine whether the plaintiff has stated a claim under which relief can be granted. *Rivera v. Centro Medico Del Turabo, Inc.*, 2007 WL 2377043, *2 (D.Puerto Rico, 2007). A court should not grant a motion to dismiss for failure to state a claim under Fed. R.Civ.P. 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Tang v. State of R.I., Dept. of Elderly Affairs*, 904 F.Supp. 69, 72 (D.R.I., 1995).

Motions brought under Rule 12(b)(1), alleging lack of subject matter jurisdiction, are subject to the same standard of review as Rule 12(b)(6) motions. *Negrón–Gaztambide v. Hernandez–Torres*, 35 F.3d 25, 27 (1st Cir.1994). Even though, when considering a motion to dismiss under Rule 12(b)(1), a district court must distinguish between facial and factual challenges to its subject matter jurisdiction. *Mortensen v. First Fed. Sav. & Loan Ass'n.*, 549 F.2d 884, 891 (3d Cir.1977). In a "facial" attack, a defendant argues that the plaintiff did not properly plead jurisdiction whereas a "factual" attack asserts that jurisdiction is lacking on the basis of facts outside of the pleadings. *Rivera Torres v. Junta de Retiro Para Maestros*, 2007 WL 2391836, *3 (D.Puerto Rico, 2007).

In this case, Defendant used Rule 12(b)(1) to challenge the subject matter jurisdiction based on a factual attack by arguing that the RESPA violation is

barred by the *res judicata* doctrine. Defendant further alleges, that the motion to dismiss can be granted based on Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

### B. Res Judicata Doctrine

The Full Faith and Credit Clause provides that "full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state. And the Congress may by general laws prescribe the manner in which such acts, records and proceedings shall be proved, and the effect thereof." U.S. Const. art. IV, § 1. A statute enacted by Congress to implement this provision states in pertinent part:

> "The records and judicial proceedings of any court of any ... State, Territory or Possession ... shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken." 28 U.S.C. § 1738.

■ The plain language of the statute requires a federal court to give a state-court judgment the same preclusive effect that judgment would receive under the law of the state in which it was rendered. *Vergara, Supra* at 182.

■ For full faith and credit purposes, Puerto Rico is the functional equivalent of a state. *Id.* In Puerto Rico, the doctrine of *res judicata* is a creature of the Civil Code:

> "In order that the presumption of *res judicata* may be valid in another suit, it is necessary that, between the case decided by the sentence and that in which the same is invoked, there be the most perfect identity between the things, causes, and persons of the litigants, and

their capacity as such." P.R. Laws Ann. 31, § 3343.

■ Although this statute speaks of *"res judicata,"* it encompasses both the doctrine of *res judicata* (claim preclusion) and the doctrine of collateral estoppel (issue preclusion), albeit with slightly different requirements for each. *Vergara, Supra* at 183.

The First Circuit has explained that a party asserting a *res judicata* defense under Puerto Rico law, must establish three elements: (i) the existence of a prior judgment on the merits that is final and unappealable; (ii) a perfect identity of thing or cause between both actions and (iii) a perfect identity of the parties and the capacities in which they acted. *Boateng v. Inter-Am. Univ. Inc.*, 210 F.3d 56 (1st Cir.2000).

■ Under the law of Puerto Rico, the application of the doctrine of *res judicata* precludes issues that were actually litigated and adjudicated, as well as those which could have been litigated and adjudicated in a previous suit. *Del Carmen Tirado v. Department of Education*, 296 F.Supp.2d 127 (D.P.R.2003). Under this premise and relying on *Vergara*, Defendant argues that the RESPA violation is barred by the *res judicata* doctrine because Plaintiff could have brought this claim as a defense in the foreclosure proceeding in state court and failed to do so.

### C. Real Estate Settlement Practices Act

RESPA represents a response by Congress to perceived abuses in the real estate settlement process and an attempt to protect consumers from unnecessarily high settlement charges resulting from those abuses. The stated purpose of RESPA was to bring about certain changes in the settlement process for residential real estate that would result in (1) more effective

advance disclosure of settlement costs to home buyers and sellers; (2) elimination of kickbacks or referral fees that had the tendency to increase unnecessarily the costs of certain settlement services; (3) reduction in the amounts that home buyers were required to place in escrow accounts established to insure the payment of real estate taxes and insurance; and (4) significant reform and modernization of local recordkeeping of land title information. *American Law Reports*, 142 A.L.R. Fed. 511.

Section 2605(e) establishes one of the instances in which there can be a RESPA violation. This section asserts that after a "qualified written request" from a borrower, the service of a mortgage loan must answer the borrower with specific information set out in the aforementioned section. Failure to respond as mandated by law would result in sanctions as proscribed in Section 2605(f).

Nothing in RESPA affects the validity or enforceability of any sale or contract for the sale of real property or any loan, loan agreement, mortgage, or lien made or arising in connection with a federally related mortgage loan. Nothing in the act annuls, alters, affects, or exempts any person covered from complying with any state laws regarding settlement practices, except to the extent that those laws are inconsistent with the Act. 142 A.L.R. Fed. 511.

D. Legal Analysis

 The foreclosure action was filed in state court on November 1, 2001. The judgment was entered in favor of Defendant on February 2, 2002. Afterward, the bankruptcy petition was filed on June 3, 2002. The petition stayed all pending collection procedures. 11 U.S.C § 362. Debtors as a new entity maintained their rights as borrowers in any residential mortgage loan. 12 U.S.C. § 2601 *et seq.*

It is not until June 10, 2003, that Plaintiffs requested the information that by Section 2605(e) they are entitled to receive. Defendant, by virtue of the same RESPA provision, is required to provide the borrower with the information requested within a specific period of time.

Wherefore, we conclude that the RESPA cause of action did not exist prior to the state court judgment. Consequently, it could not have been litigated and/or adjudicated in the foreclosure proceeding as necessary for the *res judicata* doctrine to apply.

In the *Vergara* decision, the First Circuit held that the *res judicata* doctrine applies to that case because the TILA claim was aimed at the validity of the mortgage note and for violations that occurred before the foreclosure action. In the instant case, the RESPA cause of action had not yet occurred. We cannot infer that the *Vergara* decision extends to actions that did not exist at the moment of the foreclosure procedure or to claims that do not try to vacate or review a state court judgment.

 As explained above, for the doctrine of *res judicata* to apply there must be; (i) the existence of a prior judgment on the merits that is final and unappealable; (ii) a perfect identity of thing or cause between both actions and (iii) a perfect identity of the parties and the capacities in which they acted. *Boateng v. InterAm. Univ. Inc., Supra* at 62. In this case there is no perfect identity of thing or cause because the cause of action did not exist at the time of the foreclosure.

 In addition, the RESPA violation does not challenge the existence or the validity of the mortgage note, as is the case in a TILA cause of action. We do not agree that compliance with RESPA ceases to exist once a foreclosure judgment is

**8**

obtained, especially when a borrower files for bankruptcy. Plaintiffs in this case filed for bankruptcy because they wanted to protect and keep their only residence. In order to do so, they requested information of Defendant as allowed by RESPA. Defendant's failure to respond as mandated by RESPA is a new cause of action that arose after the foreclosure action and therefore *res judicata* does not apply.

III. Conclusion

For the reasons stated above, the motion to dismiss Plaintiffs' claim for lack of subject matter jurisdiction (Dkt. No. 83) and the Defendant's motion for reconsideration and/or vacate judgment (Dkt. No. 84) are DENIED.

SO ORDERED