Neel, Stephen E., J.
Wilfert Brothers Realty Company (“Wilfert Realty”) brings this action seeking judicial review of a decision rendered by the Commonwealth of Massachusetts Commission Against Discrimination (“Commission”) in favor of the defendant, David Keeling (“Keeling”). Wilfert appeals the Commission’s decision pursuant to G.L.c. 30A, §14, and G.L.c. 15IB, §6, arguing that the decision was not supported by substantial evidence. For the following reasons, the Commission’s decision will be affirmed.

BACKGROUND

Keeling was employed by Wilfert Realty in various maintenance and supervisory positions beginning in August of 1990. John Wilfert is the co-owner of Wilfert Realty, and directed the employees of that entity as well as those of another business, Wilfert Brothers Woodworking Company (“Wilfert Woodworking”). In January 1993, Keeling filed a complaint with the Commission alleging that Wilfert Realty had discriminated against him in violation of G.L.c. 151B, §4(16). Specifically, Keeling alleged that he was terminated from his employment based on his disability, a knee injury that occurred while he was at work.
On July 14, 2000, after a public hearing on Keeling’s complaint, the hearing commissioner (“Hearing Commissioner”) concluded that Wilfert Realty had discriminated against Keeling on the basis of his disability. The Hearing Commissioner ordered Wilfert Realty to pay monetary damages for lost wages and emotional distress in the amounts of $1,450 and $35,000, respectively. Each amount was to also include twelve percent interest from the date Keeling filed his charges. The Hearing Commissioner also ordered Wilfert Realty to cease and desist from discriminating on the basis of handicap in the workplace, and to submit a plan for conducting non-discrimination training for its employees.
Wilfert Realty petitioned for review, by the full Commission, of the Hearing Commissioner’s decision. The Commission affirmed the decision on May 22, 2002, and further awarded Keeling $28,844.75 in attorneys fees and $480.32 in costs. Wilfert Realty then filed a complaint with this Court, seeking judicial review of the Commission’s decision in accordance with G.L.c. 30A, §14, and G.L.c. 151B, §6. In this appeal, Wilfert Realty urges the Court to set aside the Commission’s decision on the grounds that (1) the Commission lacked jurisdiction over it, (2) the decision that Keeling was a qualified handicapped person, and was terminated on the basis of his disability, was not supported by substantial evidence, and (3) the awards of emotional distress damages and interest were not supported by substantial evidence.

DISCUSSION

Pursuant to G.L.c. 15IB, §6, a court must review the decision of the Hearing Commissioner in accordance with the standard of review set forth in G.L.c. 30A, §14. The party appealing an administrative decision bears the burden of demonstrating the decision’s invalidity. Merisme v. Bd. of Appeals On Motor Vehicle Liab. Policies & Bds., 27 Mass.App.Ct. 470, 474 (1989); Faith Assembly of God v. State Building Code Comm’n., 11 Mass.App.Ct. 333, 334 (1981), citing Almeida Bus Lines, Inc. v. Dept. of Pub. Utils., 348 Mass. 331, 342 (1965). In reviewing an agency’s decision, the court is required to give due weight to the agency’s experience, technical competence, specialized knowledge, and the discretionaiy authority conferred upon it by statute. Flint v. Commissioner of Pub. Welfare, 412 Mass. 416, 420 (1992); Seagram Distillers Co. v. Alcoholic Beverages Control Comm’n., 401 Mass. 713, 721 (1988); Quincy City Hosp. v. Labor Relations Comm’n., 400 Mass. 745, 748-49 (1987). The reviewing court may not substitute its judgment for that of the agency. Southern Worcester County Regional Vocational School Dist. v. Labor Relations Comm’n., 386 Mass. 414, 420-21 (1982), citing Olde Town Liquor Store, Inc. v. Alcoholic Beverages Control Comm’n., 372 Mass. 152, 154 (1977). Furthermore, a court’s review of an agency decision is confined to the record. G.L.c. 30A, §14(5). Unless the administrative decision is unsupported by substantial evidence, or is based on an erroneous construction of the law, it will be allowed to stand. Lexington Educ. Ass’n. v. Town of Lexington, *612 15 Mass.App.Ct. 749 (1983); Dohoney v. Director of Din. of Emp. Sec., 377 Mass. 333 (1979).

I. The Commission’s Jurisdiction over Wilfert Realty

Wilfert Realty argues that the Commission did not have proper jurisdiction over it because Wilfert Realty has fewer than the six employees, and is not, therefore, an “employer” within the meaning of G.L.c. 15IB, §1(5). To establish jurisdiction over Wilfert Realty, the Commission aggregated the employees of Wilfert Realty and Wilfert Woodworking, considering both entities to be Keeling’s “joint” and “single” employer with respect to the complaint, and found that both organizations had the requisite combined number of employees required by G.L.c. 15IB.
Where two parties share control over an individual’s employment, the Commission may consider them to be “joint” employers, and hold them jointly and severally liable for violations under G.L.c. 15IB. Commodore v. Genesis Health Ventures, Inc., 63 Mass.App.Ct. 57, 61-63 (2005); Stanley v. Gillette Co., 2 Mass. Discrimin. L. Rep. 1203, 1205 (1980); see 804 Code Mass. Regs §3.01(1) (defining the term “employer” to mean one or more “partnerships, associations, [or] corporations”). The “joint employer” theoiy is traditionally applicable where an individual is paid by one party to perform work under contract for another. Id. In Stanley, the Commission adopted the “joint employer” doctrine, concluding that a finding of joint employer liability must rest upon a factual determination of factors including (1) the employer’s control over the employee’s work, (2) the extent to which each employer directs the employee in the details of his job, (3) which employer issues the employee’s paycheck, and (4) whether the employer has the authority to discharge the employee. Id. at 1205, relying on Boire v. Greyhound Corp., 376 U.S. 473 (1964); see also Campbell v. Advantage Transp., 15 Mass. Discrim. L. Rep. 1601, 1614-617 (1993).
In addition, two or more businesses may be so interrelated that they may be considered a “single employer.” While the Massachusetts courts have not extensively addressed whether separate employers may be treated as a “single employer” under G.L.c. 15 IB, federal courts have adopted the “single employer” doctrine, which the Commission also relied on here. See, e.g., Radio & Television Broadcast Technicians Local 1264 v. Broadcast Service of Mobile, Inc., 380 U.S. 255 (1965); Mas Marques v. Digital Equipment Corp., 637 F.2d 24, 27 (1st Cir. 1980). The factors used by those courts in determining the existence of a “single employer” include (1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control. Id. The heart of the inquiry, essentially, concerns the extent to which the two entities are integrated, and the degree of control that they share over employment decisions concerning the claimant. Romano v. U-Haul Int’l, 233 F.3d 655, 664-66 (1st Cir. 2000).
The gravamen of Wilfert Realty’s argument is that the Commission’s “joint” and “single” employer decision was contrary to law because the Commission lacked substantial evidence to meet the legal standard for either, and therefore failed to establish jurisdiction. A review of the record evidence suggests otherwise. For example, the Hearing Commissioner considered the fact that Wilfert Woodworking was recorded as Keeling’s employer on all of the workers’ compensation insurance payments, and documents, in the record. See e.g. G.L.c. 152, §§1-25 (establishing the statutory requirement that an employer provide workers’ compensation insurance for its employees). The Hearing Commissioner also considered the fact that Wilfert Woodworking and Wilfert Realty had the same business address, and that employees of both companies worked on the same tasks, and worked alongside each other at the same physical locations. The Hearing Commissioner credited Keeling’s testimony that John Wilfert hired, promoted, directed, and met daily with all employees of both Wilfert Realty and Wilfert Woodworking, giving the employees instructions regarding their work. In addition, Keeling testified that Paul Nash, an employee of Wilfert Woodworking, gave Keeling instructions that he was expected to follow, and that Keeling reported work-related problems to Nash. The Hearing Commissioner concluded that Wilfert Really and Wilfert Woodworking did not differentiate among their employees, that both had indicia of control over Keeling’s work, and that both entities shared a substantial financial interrelation. This substantial evidence formed the basis of the Commission’s “joint” or “single” employer finding, and warranted the aggregation of employees of both entities for purposes of G.L.c. 15 IB’s jurisdictional minimum.
The Court will not second-guess the Commission’s findings, see Southern Worcester County Regional Voc. School Dist., 386 Mass. at 420-21 (reviewing court is not permitted to make de novo determinations of fact, to make credibility choices, or to draw inferences different from those drawn by the Commission), and concludes that the Commission’s exercise of jurisdiction over Wilfert Really was in accordance with law, and was supported by substantial evidence.

II. Handicap Discrimination

Wilfert Really also argues that the Commission’s decision should be set aside because Keeling’s prima facie case of discrimination was deficient. To establish a prima facie case of handicap discrimination under G.L.c. 151B, §4(16), the claimant must present evidence that: (1) he is handicapped within the meaning of the statute; (2) he is qualified to perform the essential functions of the position with or without reasonable accommodation; (3) he was terminated; and (4) the position he had occupied remained open and the employer sought to fill it. See Dartt v. Browning-Ferris *613 Indus., Inc., 427 Mass. 1, 3 (1998); see also Blare v. Husky Injection Molding Sys. Boston, Inc., 419 Mass. 437, 441 (1995). Wilfert argues that Keeling’s case fell short in establishing the second and fourth elements of the prima facie case of discrimination. The court’s review of the record evidence before the Commission suggests otherwise.
First, the Hearing Commissioner concluded that Keeling was able to perform the essential functions of his job, with or without reasonable accommodations for his handicap, and was qualified at the time that he was terminated. For example, despite the limitations imposed by Keeling’s injuries, the Hearing Commissioner found that Keeling was able to perform the bulk of his responsibilities. He also found that Keeling’s injury did not interfere with his ability to carry out his customary superintendent duties regarding the collection of rent, and other office tasks. In reaching his decision that Keeling was qualified, the Hearing Commissioner credited Keeling’s testimony that his work was satisfactory, and discredited hearsay references presented by Wilfert Realty to criticisms and complaints it allegedly received regarding Keeling’s work. The Hearing Commissioner considered the evidence that Keeling received assistance from Bernard Thorne, an assistant superintendent, to complete tasks that were especially challenging because of his injury, which could constitute a reasonable accommodation within the meaning of G.L.c. 151B, §1(16). The Court will not substitute its judgment, and disturb findings of fact based on the Hearing Commissioner’s assessment of credibility, on issues that lie squarely within the Commission’s expertise. See East Chop Tennis Club v. MCAD, 364 Mass. 444, 450 (1973).
Second, Wilfert Realty argues that there is no evidence in the record that Keeling’s position remained open after he was terminated, or that it sought to fill it. However, the Hearing Commissioner credited Keeling’s testimony that John Wilfert told him, on July 28, 1992, that Wilfert Realty was looking for a new superintendent. The Hearing Commissioner inferred from this statement, and from the language of Keeling’s termination letter, that the superintendent position remained open and that Wilfert Realty sought to fill it. The Hearing Commissioner’s decision explains, in detail, his review of the record, what evidence he considered and found credible, and what case law he relied upon in making his decision. In light of the record, the Hearing Commissioner’s conclusion that Keeling established the fourth prong of his prima facie case of discrimination was supported by substantial evidence, is in keeping with the law, and will, therefore, stand. See City of Salem v. MCAD, 44 Mass.App.Ct. 627, 641 (1998) (the court must give due deference to the Commission’s fact-finding role, and its right to draw reasonable inferences from the facts it finds).
Finally, Wilfert Realty argues that the Commission’s finding of discrimination must be set aside because there was no substantial evidence in the record that Keeling was terminated because of his handicap, or that the termination decision was motivated by a discriminatory animus. However, Wilfert Realty failed to raise that issue in its appeal to the Full Commission, and argues it for the first time in this administrative appeal.[2] Wilfert Realty did not identify that issue as an objection to the Hearing Commissioner’s decision as the Commission’s regulations require. 804 Code Mass. Regs. §1.23(l)(a)(l-4). The Court will not consider the issue because issues not raised before the Commission may not be presented for judicial review.[3] G.L.c. 151B, §§4, 6; MCAD v. Colangelo, 344 Mass. 387, 399 (1962) (parties should raise before the Commission any issues which they intend to present upon a judicial review of the commission’s decision).
Accordingly, the Court concludes that the Commission’s finding of discrimination was in accordance with law, and was supported by substantial evidence.

III. Emotional Distress

Wilfert Realty also challenges the Commission’s finding that Keeling was entitled to emotional distress damages. A finding of discrimination permits the inference of emotional distress as a normal adjunct of the employer’s actions. Labonte v. Hutchins & Wheeler, 424 Mass. 813, 821 (1997) citing Buckley v. MCAD, 20 Mass.App.Ct. 172, 182 (1985). An award of emotional distress can be sustained in discrimination cases, in the absence of physical injury or psychiatric consultation, only if it is based on a consideration of certain factors, including (1) the nature, character, and severity of the harm suffered by the claimant, (2) the length of time the complainant has suffered and reasonably expects to suffer, and (3) whether the complainant attempted to mitigate the harm. Stonehill College v. MCAD, 441 Mass. 549, 576 (2004). In addition, the record must show a sufficient causal connection between the respondent’s unlawful act and the complainant’s emotional distress. Id.
The Hearing Commissioner found that Keeling’s separation from his employment was particularly difficult because it separated him from his work environment, home, and community, and contributed to the break-up of his marriage. The fact that Wilfert Realty disagrees with the evidence on which the Commission rested its decision does not warrant a reversal of the award where, as here, the evidence adequately and reasonably supports the Commission’s conclusion. See Bournewood Hosp., Inc. v. MCAD, 371 Mass. 303, 318 (1976). In light of these principles, and in view of the administrative record, the Commission’s award of emotional distress damages will stand.

*614
IV. Interest

Wilfert Realty argues that the award of interest should be set aside as an unfair windfall to Keeling. Interest is awarded to compensate the injured party for the loss of use or unlawful detention of money to which that party was entitled. See McEvoy Travel Bureau, Inc. v. Norton Co., 408 Mass. 704, 717 (1990); Makino, U.S.A., Inc. v. Metlife Capital Credit Corp., 25 Mass.App.Ct. 302, 320-21 (1988). In discrimination actions the award of interest may be used to make the aggrieved party whole. See College-Town, Div. of Interco, Inc. v. MCAD, 400 Mass. 156, 170 (1987) (“[t]he commission is given broad authority to remedy discrimination, and that authority extends to awarding interest to make victims whole for their damages”). The interest award here was made within the exercise of broad agency discretion to fashion appropriate remedies, based on a finding of discrimination and emotional distress supported by substantial evidence.

ORDER FOR JUDGMENT

For the foregoing reasons, the decision of the Massachusetts Commission Against Discrimination is AFFIRMED. Judgment shall enter accordingly.

 Keeling has also filed a Motion to Strike pages ten and eleven of Wilfert Realty’s brief, where Wilfert Realty argues that the decision of the Commission should be set aside because there is insufficient evidence that Keeling’s termination was motivated by a discriminatory animus, arguing that those issues were not properly preserved for appeal. Wilfert Really, however, notes that Keeling’s Motion to Strike did not comply with Superior Court Rule 9A, and that this Court should, therefore, not consider it. In light of the Court’s ruling herein, the motion is moot.

 Moreover, even if the issue had been properly raised and preserved, the appeal would still fail because there is substantial evidence supporting the Hearing Commissioner’s ultimate findings and conclusions on this issue. At the hearing, Wilfert Realty presented no evidence to controvert Keeling’s evidence that he was terminated for unlawful reasons connected to his handicapped status. In discrimination cases, once the employee establishes a prima facie case, the burden shifts to the employer to articulate a nondiscriminatory reason for the discharge, supported by credible evidence. City of Boston v. MCAD, 47 Mass.App.Ct. 816, 821 (1999). If the employer meets its burden, the presumption drops from the case and the proceedings advance to the third stage, where the complainant has to demonstrate that the employer’s articulated reasons are pretextual. Id. at 118, quoting Blare 419 Mass. at 446; Lipchitz v. Raytheon Co., 434 Mass. 493, 501 (2001). If the employer fails to meet its burden, the presumption created by the evidence introduced supporting the prima facie case “entitles the plaintiff to judgment.” Abramian v. President & Fellows of Harvard College, 432 Mass. 107, 117 (2000). In this case, after Keeling made his prima facie case, Wilfert Realty presented no testimony or evidence from anyone involved in the decision to terminate Keeling. The Hearing Commissioner found this tote in derogation of Wilfert Realty’s burden, and, in light of the substantial record evidence presented by Keeling, properly concluded that a finding of discrimination was warranted Blare, 419 Mass. at School Comm. of Boston v. Labor Relations Comm’n., 40 Mass.App.Ct. 327, 335 (1996).